**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Roland OWENS, Defendant-Appellant.**

**No. 71, Docket 25124.**

United States Court of Appeals
Second Circuit.

Argued Nov. 6, 1958.

Decided Feb. 18, 1959.

**721**

Howard V. Burke, Buffalo, N. Y., of counsel), for defendant-appellant.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

WATERMAN, Circuit Judge.

Defendant was convicted on both counts of a two-count narcotics indictment after a trial by jury. The first count charged that defendant in violation of 26 U.S.C. § 4704(a) had sold capsules of heroin other than in the original stamped package. The second count charged him with having sold capsules of heroin knowing the same to have been brought into the United States contrary to law, 21 U.S.C. § 174.

The trial required but a few hours. The case presented by the Government was brief, and can be briefly stated. Government informer LeRoy Sutton telephoned defendant on April 30, 1957, stated that he had $50 to spend, and made an appointment to meet defendant on a Buffalo street corner later that day. Before leaving for that appointment in a federal narcotics agent's car, Sutton was carefully searched by two Buffalo detectives and no narcotics were found on his person. The agent and the two detectives observed Sutton as he met defendant and took a short drive with him in defendant's automobile. When Sutton alighted from the car he gave the narcotics agent a parcel of waxed paper holding thirteen capsules. Each capsule was identified and was shown to contain heroin. Sutton testified that defendant gave him the parcel in return for $32.50.

In an effort to overturn his conviction on this evidence defendant contends that the court committed errors during the trial which were of such gravity as to have denied him a fair trial.

Defendant's attack on the handling of the trial is twofold. First, he contends that the district judge improperly limited cross-examination of the Government's witnesses. Second, he alleges that the charge to the jury contained reversible error.

John O. Henderson, U. S. Atty., W. D. N. Y., Buffalo, N. Y. (John P. MacArthur, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for plaintiff-appellee.

Burke & Crimi, Buffalo, N. Y. (Charles F. Crimi, Buffalo, N. Y., on the brief,

■■ In support of his first contention he cites four different instances, but an examination of them reveals no ground for reversing the conviction. Sutton testified that he had once been a narcotics addict but had ceased to be one in June or July of 1957, though later using narcotics in November. Defense counsel asked: "What was the reason for using it in November?" The Government objected to the question, and the court sustained the objection. The defendant contends that this ruling erroneously foreclosed the defense of entrapment. The permissible limits of cross-examination are, for the most part, wisely left to the discretion of the trial judge, and although many experienced trial judges probably would have overruled the objection, it is not clearly apparent to us that the trial court committed reversible error in sustaining it here. On its face the question would appear to open up an irrelevant line of inquiry and defendant made no attempt to show otherwise. Moreover, even if the ruling were erroneous, the preclusion of this one question did not prevent the defendant from seeking to establish the defense of entrapment in other ways.

■ The next instance occurred when the court prevented Sutton from answering defendant's question as to whether Sutton had recently burglarized an establishment. In United States v. Provoo, 2 Cir., 1954, 215 F.2d 531, we held that cross-examination of a defendant as to certain crimes not proven by conviction constituted reversible error, but we also noted a possible distinction between the permissible extent of the cross-examination of a defendant and that of other witnesses. Professor Wigmore states the general rule with reference to witnesses other than defendants to be that such cross-examination is within the discretion of the trial judge, 3 Wigmore on Evidence 556, 617 (3d ed. 1940). However, we need not specifically adopt that rule in order to affirm the trial court here. Even defendants in criminal cases are not entitled to conduct unlimited cross-examination of adverse witnesses; and at this point Sutton had already admitted to three convictions, including one for grand larceny, and had also admitted to living by stealing and lying during the period of his addiction. In challenging this particular trial ruling defendant states in his brief that it is difficult to imagine how the expected affirmative answer to the precluded question could have caused Sutton any additional embarassment or humiliation. We agree that the testimony already before the jury sufficiently humiliated the Government's main witness, but we also point out that it is difficult to imagine how an admission of the burglary could have further impaired Sutton's credibility. It would seem that he had been thoroughly discredited anyway.

■ The trial court also prevented Sutton from replying to an inquiry as to whether he had had occasion to converse with one Lionel Jones. Defendant contends that this ruling was prejudicial to him, because it precluded an attempt to show bias on the part of the witness. But Jones had never before been mentioned in the case, and no evidence had been introduced up to that time which made the question appear at all relevant. And defendant made no attempt to show how the question would relate to a showing of proof of bias on the part of Sutton.

■ Lastly, when the narcotics agent was on the stand defendant asked him to state his opinion of how bad Sutton's addiction was on April 30, 1957. The court sustained an objection by the Government to this question. There is nothing in the record to show that the agent was qualified to give an opinion on what appears to be a technical matter, 2 Wigmore on Evidence 640–643 (3d ed. 1940); but, in any event, any harm that might have been done to the defendant by the exclusion of this inquiry was remedied by the court's own questioning of the agent as to Sutton's capacity on that date. We find no reversible error resulted from any of these four trial rulings.

The points raised by defendant with respect to the court's charge we likewise find are without merit. The first claim, that the court committed error by failing to marshal the evidence for the jury, is clearly without substance in the light of the brevity and simplicity of the present case, and in view of United States v. Cohen, 2 Cir., 1945, 145 F.2d 82, 92, certiorari denied 1945, 323 U.S. 799, 65 S.Ct. 553, 89 L.Ed. 637. Equally without substance is his second contention that the court erred in its charge on reasonable doubt. An almost identical instruction to the one given by Judge Morgan here was upheld by this court in United States v. Farina, 2 Cir., 1950, 184 F.2d 18, certiorari denied, 1950, 340 U.S. 875, 71 S.Ct. 121, 95 L.Ed. 636, rehearing denied, 1951, 341 U.S. 928, 71 S.Ct. 795, 95 L.Ed. 1359. Defendant requested the court to charge: "If the jury disregards the testimony of LeRoy Sutton, they must acquit the defendant"—and maintains that the court's failure to charge this request was reversible error. Obviously, without Sutton, the Government still had a case based upon the testimony of the federal narcotics agent and the two city detectives, and we approve the action of the trial court in denying the requested instruction.

Finally, despite the fact that the trial was very short and the jury could easily recall every detail of the evidence, the defendant claims reversible error because of an alleged misstatement of fact by the trial court in its charge. This alleged misstatement relates to whether four of the Government witnesses had testified with respect to the absence of tax paid stamps on the waxed paper parcel that contained the heroin. The parcel itself was an exhibit in the case, was identified by the narcotics agent and the two detectives, had no tax paid stamps on it, and was observable by the jury. Moreover, the claimed misstatement was not called to the attention of the court. There is no merit in this claim of error.

Affirmed.