UNITED STATES of America, Appellee,

v.

Roland H. OWENS, Defendant-Appellant.

No. 93, Docket 25761.

United States Court of Appeals Second Circuit.

Submitted Oct. 14, 1959.

Decided Nov. 4, 1959.

Louis Kaye, New York City, for defendant-appellant.

S. Hazard Gillespie, Jr., U. S. Atty., and Robert B. Fiske, Jr., and Kevin Thomas Duffy, Asst. U. S. Attys., S.D. N.Y., New York City, for appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and J. JOSEPH SMITH, District Judge.

PER CURIAM.

■ Defendant is appealing from a fifteen-year sentence as a second offender under the narcotics laws. We have recently affirmed his conviction in the Western District. United States v. Owens, 2 Cir., 263 F.2d 720. He claims error because at his trial, cross-examination brought out this earlier conviction which had not then been affirmed. This, it seems, would be held error in the District of Columbia, Fenwick v. United States, 102 U.S.App.D.C. 212, 252 F.2d 124, relying on a particular D.C. statute, while other circuits have held such cross-examination proper unless or until the conviction has been reversed. United States v. Empire Packing Co., 7 Cir., 174 F.2d 16, 20, certiorari denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758; Bloch v. United States, 9 Cir., 226 F.2d 185, certiorari denied 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826; 9 Cir., 238 F.2d 631, certiorari denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910. And we have agreed, even where there was a later reversal, but followed by a plea of guilt. United States v. Cipullo, 2 Cir., 170 F.2d 311, certiorari denied 336 U.S. 946, 69 S.Ct. 805, 93 L.Ed. 1103. We are not disposed to question this ruling particularly where, as here, the conviction was later affirmed and the cross-examination was to meet defendant's denial on direct examination of being a drug peddler.

■■ Nor are other claims of error well taken. The search of defendant's car was quite justified on the information the narcotics agents possessed. United States v. Kancso, 2 Cir., 252 F.2d 220. And the entire evidence, including the finding of the heroin concealed in the car, afforded ample support for the jury's verdict. A claim of hearsay as to a druggist's identification of defendant as a purchaser of a heroin adulterant falls because the testimony actually came from defendant himself on direct examination. The trial court properly charged the jury in refusing to assess responsibility for the failure of either side to call the druggist as a witness. United States v. La Rocca, 2 Cir., 224 F.2d 859. There was no evidence of entrapment and no occasion for a charge on the subject.

Conviction affirmed.