Matter of the Petition of Eugene P. READING, 30 Aberdeen Road, Elizabeth, New Jersey, owner of the motorboat Crow's Nest IIA, her engines, etc., for exoneration from or limitation of liability, civil and maritime, Petitioner-Appellee,

v.

George H. BEAUDIN, Claimant-Appellant.

THE CROW'S NEST IIA.

No. 46, Docket 25584.

United States Court of Appeals
Second Circuit.

Argued Nov. 17, 1959.

Decided Dec. 1, 1959.

John L. Quinlan, New York City (John B. Shields and Bigham, Englar, Jones & Houston, New York City, and Carter & Conboy Albany, N. Y., on the brief), for petitioner-appellee.

William W. Millington, Lake George, N. Y. (Millington & Garlick, Lake George, N. Y., on the brief), for claimant-appellant.

Before MAGRUDER, MEDINA and FRIENDLY, Circuit Judges.

PER CURIAM.

The decree is affirmed on the opinion of Judge Foley, D.C., 169 F.Supp. 165.

Victor ODDO, d.b.a. Oddo's Food Center, Appellant,

v.

INTERSTATE BAKERIES, INC., Appellee.

No. 16235.

United States Court of Appeals
Eighth Circuit.

Dec. 29, 1959.

For former opinion see 271 F.2d 417.

Before WOODROUGH, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

WOODROUGH, Circuit Judge.

On consideration of Petition for Rehearing duly filed by appellee it is ordered that the opinion entered herein on November 19, 1959 be modified and supplemented as follows.

The words "from month to month throughout the period involved" are deleted from the paragraph immediately following the quoted matter on page eight of the slip opinion [271 F.2d 421].

The Court is not persuaded that the trial court made or intended to make any firm finding that there was sufficient circumstantial evidence to show that the fraudulent practice began in 1950 and this Court does not make such finding. Our holding is that the question as to when such fraudulent practice started or prevailed should be and is left open for determination upon the new trial awarded.

The following words in the second paragraph on page 15 of the slip opinion [271 F.2d 425] are deleted:

" * * * and we are satisfied that the amount of plaintiff's damages can be arrived at with reasonable certainty from records of the business and other evidence that remain available."

Both questions as to the fact of appellee's liability and as to the amount of liability during the period of destroyed records are left open for determination on the new trial awarded.

The petition for rehearing or reference to the Court en banc is denied.