**UNITED STATES of America,**

v.

**Roland H. OWENS, Defendant.**

United States District Court
S. D. New York.
Aug. 26, 1960.

654

S. Hazard Gillespie, Jr., U. S. Atty.,
by Grenville Garside, Asst. U. S. Atty.,
New York City, for U. S.

No appearance for defendant.

McGOHEY, District Judge.

The defendant, pro se, moves pursuant to section 2255 of Title 28 United States Code to vacate a judgment of conviction and the sentence of 15 years thereupon imposed for violation of the federal narcotics laws. He is presently serving that sentence in the Federal Penitentiary at Atlanta, Georgia.

He also seeks to proceed in forma pauperis, to have counsel assigned and a writ of habeas corpus requiring his presence at a hearing if one is held.

■ Leave to proceed in forma pauperis will be granted. But since, as will appear, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," [1] no counsel will be appointed, no hearing will be ordered and no writ of habeas corpus will be issued.

The basis of the motion is that, the conviction resulted from the use of evidence illegally seized by the agents at the time of arrest in New York City which is also claimed to have been illegal.

The evidence consisted of several packages of heroin and a substantial quantity of mannitol which is commonly used for the adulteration of heroin. These were found in the automobile which the defendant was driving when the agents who had been following and observing him for two or more hours, stopped his car and placed him under arrest. The agents had neither an arrest nor a search warrant. He was alone in the car which bore a license issued in Erie County, New York. He was, as the agents knew from the records of their office, a resident of Buffalo which is located in Erie County; and a prior federal narcotics law violator, being at the time free on bail pending appeal from a recent narcotics conviction in Buffalo. The agents had been alerted to his presence in New York by a telephone call from an anonymous informer in Buffalo. During their surveillance, the agents saw him enter and remain for about 20 minutes in a Harlem bar known to them as a meeting place for traffickers in narcotics.

The contention is that the search of the car was not incidental to a lawful arrest because the agents lacked probable cause to make the arrest. This contention was first made in support of a motion to suppress made prior to trial, before the writer, who denied the motion after a hearing at which the agents and the defendant testified. The contention was repeated on the defendant's appeal from the order denying that motion and from the judgment of conviction but the Court of Appeals also rejected it, holding "The search of the defendant's car was quite justified on the information the narcotics agents possessed." [2] The defendant, although he was then and at all prior times ably represented by experienced counsel privately retained, did not seek review by the Supreme Court. His time to do so has long since passed.

■■ The present motion sets forth no facts other than those which were before the Court of Appeals. It is, therefore, merely a belated attempt to review that Court's decision. It is well established that such review may not be obtained by a motion under section 2255

1. 28 U.S.C. § 2255.

2. 2 Cir., 271 F.2d 425, 426.

except in unusual circumstances.[3] None such are present here.

The motion in so far as it asks leave to proceed in forma pauperis is granted. In all other respects it is denied.

So ordered.

3. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268; United States v. Rosenberg, 2 Cir., 200 F.2d 666–668, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384; United States v. Walker, 2 Cir., 197 F.2d 287, certiorari denied 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679; Davis v. United States, 7 Cir., 214 F.2d 594, 596; Howell v. United States, 4 Cir., 172 F.2d 213, 215, certiorari denied 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718.