Robert Orville SOUTHARD, Petitioner-Appellant,

v.

UNITED STATES ATTORNEY GENERAL, United States Parole Board, Respondents-Appellees.

No. 71–3632
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 24, 1972.

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**484**

Robert Orville Southard, pro se.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Southard appeals the denial of his petition in the nature of mandamus. We agree with the district court that the appellant lacks the requisite standing to maintain this action, and therefore affirm the ruling below.

Appellant Southard was mandatorily released from federal prison on September 18, 1970, with 289 days remaining to be served on a three-year federal sentence. While on mandatory release, he was arrested in Ohio for possession of counterfeit obligations [1] for which he was subsequently convicted and sentenced on February 5, 1971. He is presently incarcerated in the United States Penitentiary at Atlanta, Georgia, serving two four-year concurrent sentences imposed by the Ohio federal district court.

While the charges were pending against him in Ohio, a detainer warrant was issued against him on December 14, 1970, charging him with violating the conditions of his mandatory release. This warrant has not as yet been executed.

The appellant now claims that as a result of the detainer he was not released on bond pending his trial on the Ohio federal charges, and he seeks credit on the unexpired term of his previous three-year sentence for the time he spent in jail between December 14, 1970 and February 5, 1971. Although the Ohio federal court allowed him credit on his four-year sentence for all time spent in custody prior to sentencing, he contends that under the rationale of Davis v. Attorney General, 5 Cir. 1970, 425 F. 2d 238, the same credit is due on the 289 days outstanding on his previous federal sentence.

As the court below correctly held, the appellant's petition is not ripe for adjudication since it seeks credit towards service of the unexpired term of a previous sentence which will not commence until the detainer warrant is executed. Once the appellant completes service of the Ohio sentences, and the warrant is executed, he will have standing to seek judicial review of the denial of credit on his previous sentence.[2]

The judgment appealed from is affirmed.

1. In violation of 18 U.S.C. § 472.

2. In so ruling we express no opinion as to the merits of the appellant's claims.