**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mathew J. FRANICEVICH, Defendant-Appellant.**

**No. 71-3567.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1973.

Sam Monk Zelden, Herbert W. Christenberry, Jr., Michael D. Zeldon, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Stephen L. Dunne, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GODBOLD, Circuit Judges.

COLEMAN, Circuit Judge:

Mathew J. Franicevich appeals from a three count conviction for the following offenses:

Count I. Knowingly making a false statement on a Farmers' Home Administration loan application that 700 acres of oyster bottoms had been leased from the Louisiana Wild Life and Fisheries Commission, 18 U.S.C., § 1014; [1]

Count II. Knowingly making a false statement on a Farmers' Home Administration loan application that 500 acres of oysters had been planted in 1965, 18 U. S.C., § 1014;

Count III. Knowingly misrepresenting a loss of $79,500 on a Farmers' Home Administration "Certification of Losses Caused by Hurricane Betsy", 18 U.S.C., § 1001.[2]

Franicevich was sentenced to thirty-six months on each of the three counts, to run concurrently. He was ordered to pay a fine of $5,000 in addition to $2,500 costs.

We affirm as to all counts.

The alleged errors will be separately discussed.

1. Impeachment by the use of a conviction on which an appeal was then pending.

■ One of the first questions presented is whether a defendant, who takes the stand in his own behalf, may be impeached by showing a prior conviction in another case *then on appeal*.

We hold that he can.

In the recent case of United States v. Canaday, 9 Cir., 1972, 466 F.2d 1191, it was held that a witness might be impeached by showing a conviction which took place *the previous day* in another case.

In United States v. Empire Packing Company, 7 Cir., 1949, 174 F.2d 16, 20, cert. denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758, on this identical issue, it was held:

"Unless and until the judgment of the trial court is reversed, the defend-

---

1. § 1001. Statements or entries generally.
   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. § 1014. Loan and credit applications generally.
   Whoever knowingly makes any false statement or report, or wilfully over-

values any land, property or security, for the purpose of influencing in any way the action of the . . . Secretary of Agriculture acting through the Farmers' Home Administration . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $5,000 or imprisoned not more than two years. or both.

ant stands convicted and may properly be questioned regarding said conviction solely for the purpose of testing credibility."

In United States v. Allen, 9 Cir., 1972, 457 F.2d 1361, 1363, again on the same issue, it was held that a judgment of conviction is not held in suspension pending the outcome of an appeal.

The District of Columbia Circuit disagrees. In Campbell v. United States, 85 U.S.App.D.C. 133, 176 F.2d 45, 47 (1949) it was held "wholly illogical and unfair to permit a defendant to be interrogated about a previous conviction from which an appeal is pending". See, also, Fenwick v. United States, D.C.Cir., 1958, 102 U.S.App.D.C. 212, 252 F.2d 124.

The Second Circuit holds that such impeachment is not reversible if the conviction in issue is subsequently affirmed, United States v. Owens, 271 F.2d 425 (1959), cert. denied 365 U.S. 874, 81 S.Ct. 910, 5 L.Ed.2d 863.

■ We apprehend the better rule in such a situation to be that the prior conviction, yet unreversed, may be shown by way of impeachment. The witness may, of course, explain to the extent of showing that the conviction is pending on appeal, and the jury may then give it such weight as it wishes, its prerogative in any case.

By this method the prosecution may be permitted to show that which is an actual fact—the defendant has been convicted. On the other hand, the defense may show that which is also a fact—the conviction is on appeal and, as any average juror would know, may be set aside.

2. The alleged infraction of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ Franicevich contends that the prosecution violated Brady v. Maryland by suppressing material evidence requested by him and favorable to him. Franicevich filed a motion seeking pretrial production of the report of an administrative investigation conducted by the Inspector General's Office, Department of Agriculture, concerning emergency loans made to oyster growers by the Farmers' Home Administration office in Gretna, Louisiana, the office through which the loans to Franicevich had been made. The government furnished to defendant three pages of the report that related to loans made to him and resisted producing the rest of the report on the ground it was irrelevant to Franicevich's case and that information as to other borrowers was confidential. At defendant's request the court conducted an evidentiary hearing on his motion. Franicevich was allowed to call as a witness the Assistant United States Attorney who was assigned to prosecute the case and was familiar with the report, and was permitted to examine him at length concerning the report. The hearing revealed that the report was 188 pages long, that it dealt with loans made to 77 borrowers in addition to the defendant, and that five of the 77 were subject of criminal charges similar to those brought against defendant. We find no error in the refusal of the trial judge to require production of the report and his refusal, at the conclusion of the hearing, to examine it in camera to see if it contained anything material to the case. The wide ranging inquiry allowed to defendant, in which the contents of the report were described generally by the Assistant United States Attorney, failed to turn up any nexus between the rest of the report and defendant's case. The interests which Brady protects were fully vindicated by the hearing conducted in open court, without the necessity of the court itself examining the report page by page.

3. The Conduct of the Trial

■ Finally, appellant assigns as error the trial court's conduct of the proceedings. He contends that the trial judge assumed the role of advocate for the government and in so doing stepped out of the role of an impartial judge. Our review of the record discloses no

such partiality. The questioned remarks of the trial judge did not rise to the level of prejudice and were particularly innocuous since *they were made out of the presence of the jury.* United States v. Middleton, 5 Cir., 1972, 458 F.2d 483; United States v. Kaufman, 7 Cir., 1968, 393 F.2d 172, cert. denied 393 U.S. 1098, 89 S.Ct. 892, 21 L.Ed.2d 789.

The conviction on all counts is

Affirmed.

GOLDBERG, Circuit Judge (dissenting):

I respectfully dissent. As the majority opinion reveals, the question of whether evidence of a prior conviction from which an appeal is currently pending may be adduced to impeach a criminal defendant who takes the stand in a subsequent prosecution has been answered in different ways in different jurisdictions. *See generally* Annot., 16 A.L. R.3d 726. In fact, there is a major conflict among the Circuits on this issue that the Supreme Court has apparently not yet resolved. *Id.* I do not find that the issue has squarely arisen before in the Fifth Circuit, but my brothers today adopt the "majority rule" and allow the use of prior convictions, from which appeals are pending, for impeachment purposes only. A detailed review of the cases compiled in the cited annotations would serve little purpose here. Suffice it to say that I believe the "minority rule" is the better reasoned one. *See, e. g.,* United States v. Semonsohn, 2 Cir. 1970, 421 F.2d 1206; Campbell v. United States, D.C.Cir.1949, 85 U.S.App.D.C. 133, 176 F.2d 45, 47 (1949); · Fenwick v. United States, D.C.Cir.1958, 102 U.S. App.D.C. 212, 252 F.2d 124. I would allow no use, even for impeachment, of any prior conviction unless and until it becomes final. A conviction that is on appeal is not, to my mind, "final." Use of any prior conviction "for impeachment only" is fraught with danger—the most obvious hazard being that jurors may not be able to perform the mental gymnastics needed if they are to consider the prior conviction only for impeach-ing the defendant's testimony and not for proof that his character is criminal. The danger that the impeaching evidence may itself soon become a nullity, *see* "Prior Convictions as Impeaching Evidence," 28 Wash. & Lee L.Rev. 490, 496 (1971), is sufficient justification for prohibiting use of that evidence.