Frederick SPIEGEL, Petitioner-Appellee,

v.

Jack SANDSTROM, Director, Department of Corrections, Dade County, Florida *, Respondent-Appellant.

No. 80–5102.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 19, 1981.

Rehearing and Rehearing En Banc
Denied March 19, 1981.

Jim Smith, Atty. Gen., Dept. of Legal Affairs, Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Pearson & Josefsberg, Bruce S. Rogow, Miami, Fla., for petitioner-appellee.

Before KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges, and ALLGOOD,** District Judge.

ALLGOOD, District Judge:

Frederick Spiegel was convicted by a Florida jury of battery and sentenced by the court to one year in the county jail. His conviction and sentence was affirmed by the Florida appellate court. *Spiegel v. State*, 356 So.2d 1247 (Fla. 3rd D.C.A. 1978). A petition for rehearing and extraordinary motion to remand for resentencing was

---

* Louie Wainwright was incorrectly designated in the appeal as the appellant. Inasmuch as Mr. Spiegel was convicted of a misdemeanor, the correct appellant would be the Director of the Dade County Department of Corrections, Jack Sandstrom, who was the respondent below.

** District Judge of the Northern District of Alabama, sitting by designation.

filed but denied. Spiegel then sought certiorari to the Florida Supreme Court, which was denied. *Spiegel v. State*, 364 So.2d 891 (Fla.1978). Thereafter, a petition for writ of habeas corpus was filed in the United States District Court pursuant to 28 U.S.C. § 2254. The petition alleged that a prior constitutionally invalid conviction had been used by the State to impeach Spiegel, and that the invalid conviction had been used by the court to enhance Spiegel's punishment in violation of his Fourth, Sixth and Fourteenth Amendment rights. The federal district court conditionally granted the writ of habeas corpus unless the State granted Spiegel a new trial. We affirm.

Spiegel was charged with aggravated battery as a result of an incident in a bar which culminated in Spiegel striking a patron in the face with a glass and severely injuring him. Prior to this incident, Spiegel, a Florida attorney, had been convicted of bribery and conspiracy to commit bribery. At the time of the battery trial, an appeal was pending in the bribery case. *Stripling and Spiegel v. State*, 349 So.2d 187 (Fla. 3rd D.C.A. 1977), *cert. denied, State v. Stripling*, 359 So.2d 1220 (Fla.1978).

Preceding the battery trial, Spiegel unsuccessfully sought through a motion in limine to prevent any reference to his bribery conviction which was pending on appeal. At trial, asserting self-defense, Spiegel took the stand. On cross examination he was asked if he had ever been convicted of "a felony." Spiegel replied, "One time." In closing arguments, the prosecutor referred to Spiegel as a "convicted felon." The jury returned a guilty verdict for the lesser included offense of simple battery. At sentencing, the court commented on Spiegel's prior conviction before sentencing him to the maximum sentence for battery, one year.

Prior to Spiegel's battery conviction appeal, his bribery conviction was overturned on the constitutional grounds that Spiegel had been denied effective assistance of counsel in violation of his Sixth Amendment rights, and on the introduction of illegally seized evidence in violation of his Fourth Amendment rights. Spiegel was subsequently retried for bribery, but was acquitted.

■ Here, the State contends that Spiegel did not exhaust his state remedies as required by 28 U.S.C. § 2254 before seeking federal habeas corpus relief. In *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the Supreme Court held that the substance of a federal habeas corpus claim must first be presented to the state courts, 404 U.S. at 277–78, 92 S.Ct. at 513, and that "... once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Id.* at 275, 92 S.Ct. at 512. *Cf., Humphrey v. Cady*, 405 U.S. 504, 516 n. 18, 92 S.Ct. 1048, 1056, 31 L.Ed.2d 394, 407 (1972). In his battery conviction appeal, Spiegel raised the issue of impeachment by use of the constitutionally infirm prior conviction, but did not raise the issue of enhancement of his sentence by use of the prior invalid conviction. The enhancement issue was raised in Spiegel's post decision Extraordinary Motion to Remand for Resentencing. Accordingly, the State argues that Spiegel's habeas corpus petition presents a mixture of exhausted and nonexhausted claims, and that the entire petition should be dismissed. We disagree.

In *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc), this court held that in some circumstances it is proper for federal courts to treat claims technically unexhausted. 582 F.2d at 354. Here, the substance of Spiegel's habeas claim, i. e., impeachment by use of an unconstitutional prior conviction, was raised in the state court thus satisfying the exhaustion requirement. The enhanced sentence issue, claimed by the State to be unexhausted, would become moot should the federal court overturn Spiegel's conviction based on the impeachment issue; therefore, the federal court properly considered Spiegel's mixed petition and avoided the piecemeal litigation which would have resulted had Spiegel been remanded to the state courts to litigate the sentencing issue prior to the federal court's consideration of his impeachment

claim. We have previously stated that "[a] habeas petitioner need not spell out each syllable of his claim before the state courts in order to satisfy the exhaustion requirement of § 2254(b). It suffices that the substantial equivalent of a petitioner's federal habeas claim has been argued in the state proceedings." *Lamberti v. Wainwright*, 513 F.2d 277, 282 (5th Cir. 1975). Therefore, Spiegel's habeas corpus petition was properly before the federal court.

We now turn to the merits of Spiegel's habeas claims. In *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court held that because of the retroactive effect of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), a conviction based on the introduction of a prior counselless conviction must be reversed. The Court went on to say that the prior counselless conviction could not be used against a person "either to support guilt or enhance punishment for another offense"; and that "[t]he admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial. . . ." 389 U.S. at 115, 88 S.Ct. at 262. Then in *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), the Supreme Court addressed the issue of whether prior convictions which are void under *Gideon* could be used for impeachment purposes where the evidence might affect the outcome of the case. The Court held that where the guilt or innocence of the defendant rests on his credibility, he is denied due process of law by the use of a constitutionally invalid conviction for impeachment purposes.

In previous decisions, the Fifth Circuit has permitted evidence of a prior conviction pending appeal to be used for impeachment purposes in a subsequent trial, subject to explanation by counsel that the prior conviction may be set aside. *United States v. Klein*, 560 F.2d 1236 (5th Cir. 1977), and *United States v. Franicevich*, 471 F.2d 427 (5th Cir. 1973). The reasoning of *Kline* and *Franicevich* is established by Rule 609(a) of Federal Rules of Evidence, which allows for purpose of impeachment, evidence of prior conviction (1) if crime punishable by death or imprisonment over one year and courts determine probative value outweighs its prejudicial effect, or (2) involved dishonesty or false statement, regardless of punishment, and Rule 609(e) which provides "pendency of an appeal does not render evidence of a conviction inadmissible. Evidence of pendency is admissible."

Here we are concerned with habeas review of a state trial as contrasted with the direct review of federal convictions as in *Franicevich* and *Kline*. *Kline*, decided after adoption of the Federal Rules of Evidence above cited, was governed by Rule 609(e), which would not apply to a state trial. *Franicevich*, however, preceded the Federal Rule; therefore ordinarily the holding that "a prior conviction, yet unreversed, may be shown by way of impeachment," 471 F.2d at 429, would control. Review of *Franicevich*, however, does not indicate the grounds on which the prior conviction was appealed. We perceive a major distinction between a prior conviction appealed on nonconstitutional grounds and one, as here, appealed on the ground of violation of a Sixth Amendment right to counsel as in *Burgett* and *Loper*. We therefore distinguish the case *sub judice* from the prevailing Fifth Circuit rule adopted in *Franicevich* and carve a specific exception where the pending appeal is on the ground of violation of a constitutional right under the Sixth Amendment.

Here, Spiegel's guilt or innocence rested on his credibility. His defense was self-defense and he was the sole witness to testify in his behalf. The Federal district court determined that manifest and undue harm was done to Spiegel through the introduction of his prior unconstitutional conviction, and therefore his battery conviction could not stand. We agree.

AFFIRMED.