Vincent HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00016–CR.

Court of Appeals of Texas, El Paso.

May 26, 1982.

Rehearing Denied June 23, 1982.

Doris Sipes, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for involuntary manslaughter. The jury assessed punishment at nine years confinement. We reverse and remand.

The death arose out of a two-car collision on June 29, 1979, in El Paso, Texas. Testimony revealed that Appellant drove his vehicle through a stop sign, striking the complainant's vehicle and causing his death. Appellant's appearance immediately after the accident indicated that he had been operating his vehicle while intoxicated. This conclusion was supported by the results of a breathalyzer test administered three hours later.

At punishment, the State introduced evidence that on January 13, 1978, Appellant entered a plea of guilty to an indictment

for burglary. Adjudication of guilt was deferred under the provisions of Code of Criminal Procedure Article 42.12, Section 3d. Appellant was placed on probation for seven years. The State stipulated that the probation was revoked, a finding of guilt entered, and a sentence of three years confinement imposed on September 25, 1979. Notices of appeal as to the burglary and as to the revocation were timely filed on October 1, 1979. The appeals were pending at the time of this trial.

In his first ground of error, Appellant contends that the prosecutor's final argument at the guilt-innocence stage contained improper comments on his failure to testify. The complaint is without merit.

█ The argument is to be viewed in terms of its probable effect on the jury. In order to necessitate reversal, the comment must be in direct reference to the absence of the defendant's testimony, or in light of the evidence and arguments, must necessarily relate to his failure to testify. *Annis v. State,* 578 S.W.2d 406, 408–409 (Tex.Cr.App. 1979); *Wright v. State,* 582 S.W.2d 845, 847 (Tex.Cr.App.1979); *Griffin v. State,* 554 S.W.2d 688, 690–691 (Tex.Cr.App.1977).

█ Comments on the failure of the defense to produce certain evidence will not constitute a comment on failure to testify if the record discloses that such evidence could have been produced through the testimony of witnesses other than the defendant. *Hargett v. State,* 534 S.W.2d 909, 911–912 (Tex.Cr.App.1976); *Nowlin v. State,* 507 S.W.2d 534, 536–537 (Tex.Cr.App.1974); *Gorman v. State,* 480 S.W.2d 188, 190 (Tex. Cr.App.1972).

█ An examination of the record reveals that the prosecutor merely asked the jury to assess the evidence presented and consider the evidence not produced in light of the Appellant's opening statement. At the outset of trial, the Appellant's counsel told the jury that she would attempt to show through both State and defense witnesses that there was no stop sign requiring Appellant to stop at the intersection, that the deceased ran a stop sign and struck the

Appellant's vehicle, and that the victim died as a result of his own negligence. All of the defensive allegations contained in the opening statement, and referred to in the prosecutor's final argument, were matters which could have been testified to by witnesses other than the Appellant. The State's witnesses, as well as two witnesses called by the defense, simply did not bear out the defense's theory. Arresting Officer Armando Alvarez testified that there were various other potential witnesses interviewed at the scene. These would have also been subject to subpoena.

As a response to the Appellant's opening assertions and a comment on his failure to support them by testimony other than his own, the comments by the prosecutor did not constitute an improper reference to the Appellant's failure to testify. Ground of Error No. One is overruled.

Ground of Error No. Two challenges the admissibility of the evidence of Appellant's prior conviction for burglary. This contention is correct. The evidence was beyond the scope of prior criminal records admissible at punishment under the provisions of Article 37.07, Section 3(a) of the Code of Criminal Procedure. Such evidence is limited to final convictions from courts of record, probated or suspended sentences that occurred prior to trial, and final convictions material to the offense charged.

█ Upon a finding that an individual granted deferred adjudication probation has violated a condition of his probation, the trial court may proceed to adjudicate his guilt of the original offense.

> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

Tex.Code Crim.Pro.Ann. Article 42.12, Section 3d(b).

█ Appellant's timely appeals on the merits of his burglary indictment and the revocation of his probation removed that proceeding from the probated or suspended

sentence category of Article 37.07. The probated or suspended sentence history made admissible under Article 37.07 contemplates a sentence which is still in effect and has not been revoked or one which has been successfully completed by the probationer. Once a probated or suspended sentence has been revoked, a final conviction is necessary for its admissibility at the punishment phase of a trial for some other offense. This would necessitate either the absence of an appeal from the revocation or an appellate mandate, if an appeal were filed.

■ None of the cases cited by the State support the admissibility of this evidence. Following revocation and timely notice of appeal, Appellant stood in the same posture as one who had never been placed on probation and whose conviction was not final at the time of his subsequent trial.

■ In light of the fact that the jury assessed nine-tenths of the maximum sentence for involuntary manslaughter, it cannot be said that he was not harmed by the erroneous admission of this evidence. Ground of Error No. Two is sustained.

The conviction is reversed and the cause remanded for new trial.

## OPINION ON STATE'S MOTION
## FOR REHEARING

This Court's initial decision reversed the conviction due to the introduction of evidence at the punishment phase that Appellant had previously entered a plea of guilty to a burglary indictment. He was placed on seven years probation under the deferred adjudication provisions of Article 42.12, sec. 3d of the Code of Criminal Procedures. The probation was subsequently revoked; the court proceeded to an adjudication of guilt, and sentenced Appellant to three years confinement. Appellant gave notice of appeal, and the appeal was still pending at the time of the trial in this cause.

The State now urges a reconsideration of our initial decision, citing *Johnigan v. State,* 628 S.W.2d 852 (Tex.App.—Fort Worth 1982). The alleged error in *Johnigan* was identical to that presented in this cause.

We are not persuaded to change our ruling by the decision in *Johnigan.* That portion of the opinion cited in the State's motion indicates that the filing of a motion to revoke tolls the running of a probationary period. The State seizes upon that language for the proposition that, while Appellant's prior conviction was not final and hence not admissible under the final conviction provision of Code of Criminal Procedure, Article 37.07, during the pendency of his burglary appeal, he was still on probation and the conviction could therefore be introduced under the probated or suspended sentence provision of that article.

■ The *Johnigan* opinion is in conflict with decisions of the Court of Criminal Appeals with regard to the tolling of a probationary period. A motion to revoke and capias do not toll the running of the probationary period. *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App.1977); *Guillot v. State,* 543 S.W.2d 650 (Tex.Cr.App.1976); *Nicklas v. State,* 530 S.W.2d 537 (Tex.Cr. App.1975); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975). The probation continues to run and may, in fact, expire. The timely filing of a motion to revoke and issuance of a capias will preserve only those alleged violations contained therein, and will permit revocation on that basis even after the probationary period has expired.

Additional support for the State's position is offered in the *Johnigan* opinion's reliance on *Roliard v. State,* 506 S.W.2d 904 (Tex.Cr.App.1974), and *United States v. Franicevich,* 471 F.2d 427 (5th Cir.1973). We note that in *Roliard* there is no indication that the prior revoked probation was on appeal at the time of its introduction into evidence. *Franicevich* was a federal prosecution, and the appellate decision was based upon federal evidentiary rules. The Fifth Circuit Court indicated that there was a split in the United States Circuit Courts as to the admissibility of convictions on appeal, some courts holding them admissible and others not. The Fifth Circuit authorized admissibility as long as the jury

was advised of the appellate status of the conviction.

Neither of these cases support the State's position. As indicated in our earlier opinion, Article 42.12, sec. 3d(b), states that after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred. The probation is not simply revoked, it is annulled. Appellant is in the same posture he was in on the day he entered his plea. His appeal goes to the initial proceeding; he has, in fact, no right to appeal the decision to proceed to an adjudication of guilt. Should his appeal be successful, the entire conviction is reversed. This is distinct from an individual who appeals from the revocation of an ordinary probation under Section 3, and Subsections 3a and 3c. In those cases, a successful appeal places the individual back on probation.

The appeal following revocation of a deferred adjudication probation is in essence an appeal from a guilty plea, and the range of errors which may be raised are accordingly restricted. As a practical matter, the chances of obtaining reversal may be slight, but whether such a prior conviction is admissible under Article 37.07 does not depend upon appellate probabilities but upon the proper characterization of the status of the prior cause.

Appellant's prior conviction was not final at the time of this trial. Nor was it a probated or suspended sentence case, that aspect having been nullified by the decision to proceed with an adjudication of guilt. The conviction was not admissible under Article 37.07.

Appellee's motion for rehearing is denied.