**Joseph Floyd EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–84–00275–CR.**

Court of Appeals of Texas,
El Paso.

May 15, 1985.

Rehearing Denied June 12, 1985.

J.K. "Rusty" Wall, Midland, for appellant.

Mark H. Dettman, County Atty., Midland, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a misdemeanor conviction for driving while intoxicated. The jury assessed punishment at sixty days confinement and a fine of $1,000.00. We affirm.

In an unpublished opinion, this Court affirmed a revocation of Appellant's probation in a prior misdemeanor driving while intoxicated case, based upon the commission of the subsequent offense which is the subject of this appeal. *Evans v. State,* Cause No. 08–84–00206–CR, decided February 6, 1985, petition pending.

■ Ground of Error No. One asserts that the trial court erred in refusing to submit a requested charge on entrapment under Tex.Penal Code Ann. sec. 8.06 (Vernon 1974). The complaint is without merit for several reasons. By express designation of the record, Appellant has presented this Court with only a partial statement of facts, including the testimony of arresting officer John Kevin Wolf but excluding that of two additional State witnesses and three defense witnesses (including Appellant). The final arguments on guilt were also excluded. Asserted errors in the court's charge are not subject to review in the absence of a complete statement of facts. *Williams v. State,* 397 S.W.2d 459 (Tex. Crim.App.1966); *Montz v. State,* 404 S.W.2d 597 (Tex.Crim.App.1965); *Weisinger v. State,* 372 S.W.2d 548 (Tex.Crim.App. 1963).

■ Secondly, a concession to the elements of the offense is a necessary predicate to the defense of entrapment. *Guerrero v. State,* 507 S.W.2d 765 (Tex. Crim.App.1974). An express admission from the stand is not necessary, but denial of the elements is a bar to assertion of the defense. Hence, the defendant who pleads guilty and either does not testify or does not testify inconsistently with the offense may still be entitled to offer the defense. This case demonstrates the propriety of the rule requiring a complete statement of facts in order to review the charge. Appellant did testify, but we have no transcription. Nor do we have the arguments of counsel which would show the defensive position on this issue. We do have Appellant's objections to the charge, several of which concern the evidentiary status of the blood-alcohol test results and the definition of intoxication. These certainly suggest that Appellant was actively contesting the

proof that he was intoxicated, thus precluding entrapment as a defense.

■ Finally, on the merits of the entrapment defense, we find that the offense was completed prior to any police involvement. There being no inducement or origination of the crime by law enforcement personnel, the issue of entrapment has, as a matter of law, not been raised. Briefly stated, at 3:07 a.m., March 14, 1984, in Midland, Texas, Officer John Kevin Wolf observed the Appellant driving his automobile on a public street. The right headlamp was out and Appellant made an improper u-turn. The officer began to follow him, not to issue a citation but to advise him of his defective light. As he followed him for two blocks, he noticed the vehicle weaving back and forth across the traffic lanes. Wolf then stopped him. Appellant exited his vehicle and met Wolf midway between the cars. He was unsteady on his feet, had to support himself against his vehicle, spoke very slowly and had difficulty extracting his driver's license. He smelled of alcohol and had urinated on himself. Wolf reasonably surmised that he was intoxicated. A warrants check by radio disclosed several outstanding D.P.S. traffic warrants. Because of Appellant's polite demeanor and the light traffic, Wolf decided to try to give Appellant "a break" on the DWI. He instructed him to drive to the police station to clear the outstanding warrants—at most an error in judgment by Wolf. Wolf followed Appellant for approximately one-half mile before Appellant's continued difficulty in driving convinced him that he could not safely proceed on his own. Wolf again pulled him over and placed him under arrest. The offense was complete at the time of the initial stop, prior to any involvement by Wolf. *Poe v. State,* 513 S.W.2d 545 (Tex.Crim.App.1974). However faulty Wolf's initial decision, this does not raise entrapment. Had Appellant been prosecuted for a distinct new offense caused by both his preexisting intoxication and Wolf's order to drive to the police station, a different result might obtain. An example would be involuntary manslaughter committed during the driving after the first

stop. That, however, is not the case before us. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the court should have quashed the information and complaint for failure to allege a culpable mental state. The contention is without merit. *Honeycutt v. State,* 627 S.W.2d 417 (Tex.Crim. App.1981). Ground of Error No. Two is overruled.

In Ground of Error No. Three, Appellant complains of the State's use of a prior misdemeanor DWI conviction during the punishment phase. On February 10, 1984, Appellant pled guilty to the offense of misdemeanor DWI. Punishment was assessed at thirty days confinement (probated) and a fine of $300.00. Based on this present offense on March 14, 1984, the State moved to revoke probation. Probation was revoked on September 14, 1984. An appeal was taken from that revocation. The judgment was affirmed by this Court, as noted above, on February 6, 1985. A petition for discretionary review is pending in that case. The trial in this case commenced on June 5, 1984, after notice of appeal from the revocation but prior to a final determination of the appeal.

■ Appellant relies on this Court's opinion in *Hunter v. State,* 640 S.W.2d 656 (Tex.App.—El Paso 1982, PDRR). There we found error in the use of a deferred adjudication probation which had been revoked but which was pending appeal at the time of the subsequent trial. In that case, we emphasized the appellate distinctions between regular probation and deferred adjudication probation. When adjudication of guilt is deferred, there is no right to immediate appeal. To seek an appeal, the defendant must first move the court to a final adjudication, with whatever judgment follows—either probation or imprisonment. Additionally, by statute, there is no appeal from a decision to proceed to adjudicate guilt. Once that has occurred either by defense motion or in response to a State's motion to revoke, the case stands as it did the moment after the guilty plea was ac-

cepted, as though no probation had ever occurred. Consequently, an appeal following revocation of a deferred adjudication probation is virtually identical to an appeal from a guilty plea.

 In a judgment finding guilt and imposing a regular probationary period, there is sufficient finality to require the defendant to appeal at that time if he so desires. Failure to do so waives the direct appeal right. If he has his probation revoked at a later time, an appeal may be taken with regard to those later proceedings.

 Consequently, the possible appellate results are vastly different. If the defendant in a previously deferred guilt case prevails on appeal, the entire conviction may be set aside. If the defendant in a regular probation revocation case prevails on appeal, he simply returns to probation. We recognize that even in an appeal from a revocation of regular probation, a defendant is free to raise fundamental or jurisdictional error which might result in a full dismissal of the prior case, but that is true of any meritorious collateral attack. In essence, such a defendant is opportunistically joining a collateral attack to a direct appeal of limited scope. That does not in our minds nullify the distinction we draw between the present case and *Hunter*.

Tex.Code Crim.Pro.Ann. art. 37.07, sec. 3(a) (Vernon 1981), defines the admissible criminal record of a defendant as including "a final conviction in a court of record" or "a probated or suspended sentence that has occurred prior to trial." Had the revocation not taken place prior to this trial, the prior DWI would certainly have been admissible. Had the appeal been finalized prior to trial, with Appellant prevailing, it would also have been admissible. Had the appeal been finalized with the State prevailing, it would have been admissible. Under the circumstances, we see no justification for applying the *Hunter* result to this case.

 Appellant might have had a legitimate complaint if the fact of revocation had been presented to this jury. Since the revocation was based upon this alleged offense, advising the jury of the revocation could have arguably been viewed as an invitation to the jury to defer to a prior judicial determination of guilt. Then too, it is actually the revocation decision which was pending appeal and was not "final," as opposed to the initial plea of guilty and adjudication of guilt. Fortunately, the jury was not presented evidence of revocation but simply of plea, adjudication of guilt and imposition of a probated sentence. We find such a procedure fair to both sides and consistent with Articles 37.07 and 42.13 of the Code of Criminal Procedure. Ground of Error No. Three is overruled.

The judgment is affirmed.