Frederick Donnell JOHNIGAN,
Appellant,

v.

The STATE of Texas, State.

No. 2–81–060–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 17, 1982.
Rehearing Denied March 17, 1982.

Jake Cook, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Appellant, Johnigan, was tried before a jury for the offense of rape of a child. He was convicted and his punishment was set by the trial court at fifteen years confine-

ment in the Texas Department of Corrections. From this conviction, appellant has brought this appeal.

Affirmed.

Sufficiency of evidence to sustain the conviction is not in issue; consequently, the lurid details of the offense will not be set forth in the opinion.

By his first ground of error, appellant asserts that the trial court erred in permitting the state to question the appellant about his prior felony conviction when he testified on his own behalf at the guilt/innocence stage of the trial.

Appellant presented a motion in limine to the court before testifying at trial. The motion sought to prohibit the State's prosecutors from mentioning or introducing evidence of appellant's prior felony conviction for burglary. Appellant was convicted in 1975 and received a four-year sentence. The sentence was probated and the term of probation was to expire in February of 1979, two months before appellant came to trial in this cause. However, a motion to revoke appellant's probation had been granted by the court on December 18, 1978. The revocation, since affirmed by the Texas Court of Criminal Appeals in cause 61,903, October 10, 1979, was then on appeal and counsel for appellant thus believed the conviction was not a final one which could be used to impeach the appellant. The trial court overruled appellant's motion.

On cross examination of the appellant, the State's prosecutor asked appellant if he had been convicted of burglary in 1975 and received a four-year probated sentence for that offense. He admitted the prior conviction and sentence.

Vernon's Ann.C.C.P. art. 38.29 is cited as authority for the inadmissibility of the testimony concerning the prior conviction. The pertinent provision of art. 38.29 is as follows:

"The fact that a defendant in a criminal case ... is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State ... shall not be admissible in evidence in the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial of such indictment, information or complaint ... such person has been placed on probation and the period of probation has not expired."

■ The filing of the motion to revoke tolled the running of the period of probation. Until the appeal of the revocation of probation was determined, appellant's probation still existed and art. 38.29, *supra.*, would be applicable. Additionally, in *Roliard v. State*, 506 S.W.2d 904 (Tex.Cr.App. 1974) it was held that the State's use of a prior conviction was proper where the probated sentence for that conviction had been revoked; and in *United States v. Francicevich*, 471 F.2d 427 (CA–5—1973) it was held that prosecutors can use a prior felony conviction in a trial on a subsequent offense while the probation revocation on the prior sentence is being appealed. Ground of error one is overruled.

■ By ground of error number two, appellant asserts that it was improper for the trial court, over objection, to permit the State prosecutor in his argument to the jury to state that appellant was a convicted felon or burglar. Having ruled that the testimony elicited of the prior conviction was proper, it follows that the argument was proper. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). Ground of error number two is overruled.

■ By his third and fourth grounds of error, appellant asserts that five photographs of black men (one of whom is appellant) of the same or similar age and appearance constitute an impermissibly suggestive photograph line up and that the prosecutrix' positive identification of appellant as one of the men who raped her is thus tainted. We disagree.

The factors to be considered in determining the origin of an in-court identification were stated in *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Cr.App.1978) to be:

"(1) the prior opportunity to observe the alleged criminal act; (2) the existence

of any discrepancy between any pre-line-up identification and the defendant's actual description; (3) any identification of another person prior to the lineup; (4) the identification by picture of the defendant prior to the lineup; (5) failure to identify the defendant on prior occasions; and (6) the lapse of time between the alleged act and the lineup identification."

From the record as a whole it appears:

(1) the prosecutrix had prior opportunity to observe the appellant during the criminal acts; (2) the record is silent as to any discrepancy between her description of the rapist and the appellant's actual description; (3) there is nothing in the record to indicate that she ever identified any other person as the black male who raped her; (4) she identified appellant's photograph from a group of similar photographs prior to the trial; (5) each time the prosecutrix was confronted by the appellant, whether photographically or in person, she identified him as one of her attackers; (6) the lapse of time between the alleged act and the photographic lineup identification was relatively short, approximately two weeks; and (7) she had ample opportunity to observe appellant close up and under well-lighted conditions. Under the test in *Garcia*, the prosecutrix' identification was sufficiently based on independent facts other than a picture shown to her in a photographic lineup.

■ Furthermore, for her in-court identification to be tainted by a photographic lineup, the photo display must be impermissibly suggestive and it must give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The photo spread shown to the prosecutrix was not impermissibly suggestive. Defendant's Exhibit One sets out the photographs shown to her in the photo lineup. The pictures are obviously similar photographs of men of the same race and of similar age and general appearance. This is how the lineup was viewed by Detective Cole who compiled the photographs, and by the prosecutrix who picked the appellant's photo out of the lineup. She denied being told by Detective Cole that the "right defendant" was in the lineup or that she had picked the right suspect out of the lineup. Detective Cole denied making such statements also. The record presents ample evidence from which this court may conclude that the photographic lineup was not impermissibly suggestive.

Moreover, appellant has also failed to show a "very substantial likelihood of irreparable misidentification." *Simmons v. United States, supra.* Not only was the prosecutrix' identification of appellant positive, unwavering, and based on ample opportunity to observe, her identification of appellant as one of the men who raped her was strongly corroborated by physical evidence. Appellant's drivers license and other identification cards were found in the back seat of the car in which she was raped the morning after, as well as the machete which she testified was used as a threat to compel her submission to the rape. At this point, we note that appellant, testifying in his own defense, admitted being in the vehicle on the night of the rape, but for a purpose other than the commission of the offense. This strong physical evidence makes it obvious there was no misidentification of appellant.

Ground of error number three is overruled.

■ By his fourth ground of error, appellant contends that the trial court erred in failing (although requested) to give the following instruction pursuant to Vernon's Ann.C.C.P. art. 38.23:

"You are further instructed that if you believe or have reasonable doubt that the pretrial identification procedure and photographic spread conducted at Fort Worth Police Headquarters between Detective Cole and witness (name deleted) on September 21, 1978 helped and aided the said (name deleted) to identify Defendant Frederick Donnell Johnigan, in Court; and if you further believe or have a reasonable doubt that said photographic spread and out of court pretrial identification procedures considering the totality of the circumstances surrounding said out

of court pre-trial identification procedure, was suggestive in nature, then you are instructed not to consider said in court identification of Defendant Frederick Donnell Johnigan by witness (name deleted) for any purpose whatsoever."

In *Allen v. State*, 511 S.W.2d 53 (Tex.Cr. App.1974), it was held that art. 38.23 by its terms applies only to illegally obtained evidence and that in-court identifications do not come within the scope of such article.

Ground of error number four is overruled.

The judgment of the trial court is affirmed.