Joe Louis **ARRIETA**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–85–202–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1986.

Gossom & Cotton and Thomas C. Cotton, Wichita Falls, for appellant.

James Allen Rasmussen, Asst. Crim. Dist. Atty., Wichita Falls, for the State.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant Joe Louis Arrieta pled guilty to the offense of burglary of a building pursuant to a plea bargaining agreement.

The court assessed punishment at two years in the Texas Department of Corrections. *See* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974). Imposition of the sentence was suspended and Arrieta was placed on probation. His probation was revoked and he appeals.

This is a case of first impression in Texas, involving the extent of power granted to trial courts by TEX.CODE CRIM.PROC. ANN. art. 42.12 § 6(a) (Vernon Supp.1986).

In his sole point of error,[1] appellant contends the trial court exceeded its jurisdiction in revoking his probation. The "Motion to Revoke Probation" was filed after the expiration of his initial probationary period, which he claims was unlawfully extended by the court.

We reverse.

On October 27, 1981, after Arrieta pled guilty, the court assessed punishment at two years in the Texas Department of Corrections pursuant to TEX.CODE CRIM. PROC.ANN. art. 42.12 (Vernon Supp.1986). His term was probated for two years to end October 27, 1983.

On May 11, 1983, approximately five months prior to the expiration of the probation period, the Wichita County District Attorney's Office filed a "Motion to Revoke Probation" (hereinafter referred to as the "first motion") alleging several probation violations. At the time the motion was filed, Arrieta had absconded supervision. He was later arrested in January or February of 1985.

It was not until February 12, 1985, that a hearing on the "first motion" was held. This date was almost sixteen months after his probationary period would have expired except for the timely filed motion to revoke. At that hearing the court, instead of revoking his probation, attempted to modify the term of his probation by extending the period one year to end February 12, 1986.

---

1. Pursuant to TEX.R.APP.P. 74(d), effective September 1, 1986, we will hereafter refer to these contentions as "points" of error.

During the extended period, on May 8, 1985, the Wichita County District Attorney's office filed a second "Motion to Revoke Probation" alleging new probation violations. This "second motion" was later amended on July 18, 1985.

A hearing on the "Amended Motion to Revoke Probation" was held on July 26, 1985. The court, after hearing evidence and argument, revoked appellant's probation and sentenced him to two years confinement in the Texas Department of Corrections.

Although appellant states his point of error in terms of the trial court exceeding its jurisdiction by revoking his probation pursuant to a "Motion to Revoke Probation" filed after the original probation term had expired, the real issue is whether TEX. CODE CRIM.PROC.ANN. art. 42.12 sec. 6(a) grants the trial court the power to modify or alter probation once the probation period has expired. The Code of Criminal Procedure grants the trial court the authority to: "determine the terms and conditions of probation and may, at any time, *during the period of probation alter or modify* the conditions ..." TEX CODE CRIM.PROC.ANN. art 42.12 § 6(a) (emphasis added).

It is well settled that a "Motion to Revoke Probation" filed before the probation term expires, vests the trial court with limited jurisdiction to act on the motion after the probation term has expired. *Zillender v. State,* 557 S.W.2d 515, 519 (Tex. Crim.App.1977); *Hunter v. State,* 640 S.W.2d 656, 659 (Tex.App.—El Paso 1982, pet. ref'd) (opinion on reh'g). The court further stated in a foot note in *Zillender:* "Also the right of the court to revoke probation is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period." (Citation omitted). *Zillender,* 557 S.W.2d at 519 n. 4.

Appellant argues that once the probation period has expired, it has expired for *all* purposes except to revoke probation pursuant to a timely filed "Motion to Revoke Probation." He argues that the court committed error and acted without authority in extending the term of his probation at the hearing on February 12, 1985.

The State argues that the language of the code is merely a general statement of the trial court's power to unilaterally alter or modify probation during the probationary term and is not a statement about the *extent* of the court's jurisdiction at a probation revocation hearing. We disagree.

■■■ We hold that the court has only the power granted to it by the code in dealing with probation. A timely filed "Motion to Revoke Probation" does not toll the running of the probationary period, and in fact probation continues to run and may expire. *Hunter,* 640 S.W.2d at 659. We expressly reject contrary language in *Johnigan v. State,* 628 S.W.2d 852 (Tex.App.— Fort Worth 1982, pet. ref'd) finding in that case no authority for the statement therein that the filed motion tolls the running of the time period of probation. *Id.* at 853. We hold that the power to alter or modify the terms or conditions of probation granted to a trial court by the statute, during the period of probation, must be exercised *during* that initial period of probation, or any additional time for probation *added* during such period. As a result, the effect of a timely filed motion to revoke and issuance of capias is to preserve only the violations alleged in the motion and to allow the trial court to revoke probation on that basis at the hearing, even if the probation period meanwhile has expired. *Hunter,* 640 S.W.2d at 659. *See also McBee v. State,* 166 Tex.Cr.R. 562, 316 S.W.2d 748 (1958).

■■■ We hold that a timely filed "Motion to Revoke Probation" is not a means of expanding a trial court's jurisdiction to alter or modify the terms of probation after probation has expired. We further hold that the language of the Court of Criminal Appeals in *Zillender,* concerning the vesting in the trial court of limited jurisdiction to hear a motion after the time has expired, should not be construed to permit the trial court to then alter or modify the terms or

conditions of probation. *Cf. Zillender,* 557 S.W.2d at 519.

■ Having held that the statute does not grant the trial court the power to amend or modify probation once the probation period has expired, we find in this case that the trial court was without jurisdiction to extend appellant's probation at the first probation revocation hearing, held sixteen months after the initial term of his probation expired. The court's act in attempting to extend the term of probation is void. Consequently the second motion to revoke probation is completely ineffective because it was filed pursuant to a void act of the court. We sustain appellant's point of error and reverse the judgment of the court, and order the trial court to dismiss the "Motion to Revoke Probation."