**James N. HOWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–026–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 30, 1988.

E.W. Patteson, Jr., Gonzales, for appellant.

W.C. Kirkendall, Sequin, for appellee.

Before DORSEY, UTTER, and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, James Howell, appeals from the trial court's judgment adjudicating him guilty of possession of a controlled substance. By his sole point of error, he contends the court lacked jurisdiction to revoke his probation. The State concedes this error. We reverse.

Appellant was charged by information with the offense of possession of methamphetamine and placed on deferred adjudication for a three-year period beginning July 9, 1984. On July 8, 1987, the State filed a Motion for Adjudication of Guilt on the grounds that appellant had violated his probationary terms by driving a motor vehicle while intoxicated and by regularly using narcotics.

On September 9, 1987, the trial court signed a written order modifying the terms of appellant's probation to include a provision requiring his admission to a drug treatment program.

On October 6, 1987, the court signed a second modification order which contained a provision extending appellant's probation to July 9, 1988. Three weeks later, on October 27, the State filed its second Motion for Adjudication of Guilt, alleging that various violations had occurred in September of 1987. On December 16, 1987, the trial court entered Judgment Adjudicating Guilt and sentenced appellant to eight years' imprisonment.

Appellant contends on appeal that the trial court exceeded its jurisdiction in revoking his probation. The State's second Motion for Adjudication of Guilt was filed after the expiration of the original probationary period, which appellant contends was unlawfully extended by the trial court.

Tex.Code Crim.Proc.Ann. art. 42.12, § 6(a) (Vernon Supp.1988) provides in pertinent part:

> The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time *during the period of probation,* alter or modify the conditions. (emphasis ours).

A motion to revoke probation or adjudicate guilt filed during the defendant's probationary term vests the trial court with limited jurisdiction to *act on the motion after the probationary term has expired. Coleman v. State,* 632 S.W.2d 616, 618 (Tex.Crim.App.1982). However, article 42.-12, § 6(a) states that a trial court's power to *alter or modify* the conditions of probation must be exercised *during* the original period of probation. *Arrieta v. State,* 719 S.W.2d 393, 395 (Tex.App.—Fort Worth 1986, pet. ref'd). The State's first timely-filed Motion for Adjudication of Guilt could not function as a means of expanding the court's jurisdiction to alter or extend appellant's probation after the original probationary term had expired. *See id.* Hence, the court's October 6, 1987 modification order requiring the one-year extension of appellant's probation is void.

We further conclude that the State's second Motion for Adjudication of Guilt, filed during the ineffective extension period, was also void. *See Arrieta,* 719 S.W.2d at 396.

Appellant's point of error is sustained. The judgment of the trial court is REVERSED and the cause REMANDED to the trial court to dismiss the State's second Motion for Adjudication of Guilt.