**Ex parte Henry Clayton LEWIS.**

**No. 01–96–00524–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1996.

---

**10.** Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 17.09(c), 1989 TEX.GEN.LAWS 1, 118 (repealed 1993).

Kevin C. Rekoff, Galveston, for Appellant.

Michael J. Guarino and Denise V. Wilkerson, Galveston, for Appellees.

Before HEDGES, COHEN and TAFT, JJ.

## OPINION

HEDGES, Justice.

Appellant, Henry Clayton Lewis, pled guilty to the felony offense of possession of Lysergic Acid Diethylamide (LSD). On December 11, 1991, the trial court placed appellant on deferred adjudication for three years. On December 7, 1994, the State filed a motion to adjudicate guilt and revoke communi-

ty supervision for violation of community supervision conditions. On June 29, 1995, the trial court extended appellant's community supervision term for another year and six months and ordered the State to withdraw its motion to adjudicate guilt. On February 16, 1996, the State filed a second motion to adjudicate guilt and revoke community supervision for further violation of community supervision conditions,[1] and the trial court granted the motion. Appellant's application for writ of habeas corpus was denied. It is this denial that is the basis of the appeal.

In three points of error, appellant contends that: (1) the trial court lacked jurisdiction on June 29, 1995, to extend his community supervision term; (2) if the trial court had jurisdiction, it exceeded its authority by excessively extending his community supervision term beyond one year; and (3) the trial court erred in denying his motion to dismiss the case and terminate community supervision because his community supervision term ended on December 11, 1995, before the State filed its second motion to adjudicate guilt and revoke community supervision. We reverse.

## JURISDICTION

In point of error one, appellant argues that the trial court lacked jurisdiction on June 29, 1995, to extend his community supervision period. Appellant contends that TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon Supp.1996) authorizes a trial court only to alter or modify the conditions of community supervision during the community supervision period and not after the term expires. Therefore, the modification order extending his community supervision term for another year and six months is void. We agree.

The applicable code provision in effect at the time of appellant's offense was TEX. CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon Supp.1992),[1] which provided that "[t]he judge of the court having jurisdiction of the case shall determine the conditions of

1. This section has not been substantively changed since the time of appellant's offense in 1991.

community supervision and may, at any time, *during the period of community supervision alter or modify* the conditions." (Emphasis added). The trial court must exercise its power to alter or modify the terms or conditions of probation during the initial probation period or any additional probation time added during the initial period. *See Arrieta v. State*, 719 S.W.2d 393, 395 (Tex.App.—Fort Worth 1986, pet. ref'd). Once the probation period has expired, the trial court lacks jurisdiction to alter or modify a defendant's probation. *See Howell v. State*, 754 S.W.2d 396, 397 (Tex.App.—Corpus Christi 1988, no pet.); *Arrieta*, 719 S.W.2d at 395–96. A modification order filed after the probation period expires is void. *See Howell*, 754 S.W.2d at 397.

We hold that the trial court lacked jurisdiction to extend appellant's term of community supervision. It lost its power to alter or modify the conditions of appellant's community supervision on December 11, 1994. Therefore, its June 29, 1995, modification order extending appellant's term another year and six months was void. As a consequence, the State's February 16, 1996, motion to adjudicate guilt and revoke community supervision, filed during the ineffective extension period, was also void. *See Howell*, 754 S.W.2d at 397; *Arrieta*, 719 S.W.2d at 396.

■ The State argues that appellant has failed to preserve this argument by not objecting at the June 29, 1995, modification hearing that the order was void. The question of the jurisdiction of the convicting court may be raised at any time. *Gallagher v. State*, 690 S.W.2d 587, 588 (Tex.Crim.App. 1985). Therefore, appellant has not waived his complaint.

■ Contending that its withdrawal of the motion to adjudicate guilt and revoke community supervision and the trial court's order to extend appellant's term were the result of a plea bargain, the State argues that appellant cannot complain of the very relief he sought. There is nothing in the record to signify the existence of a plea bargain. The record reflects only that the trial court extended appellant's community supervision term and ordered the State to withdraw its

motion. In any event, a district court's jurisdiction cannot be extended by agreement.

We sustain point of error one.

Having held that the trial court lacked jurisdiction to extend appellant's community supervision term, we do not reach points of error two and three.

We reverse the judgment of the trial court and order the prosecution dismissed.