**Johnny Robert LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0150–CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 21, 1999.

---

David Martinez, Lubbock, for appellant.

Lex S. Herrington, Special Prosecutor, Lubbock, for appellee.

Before BOYD, C.J., REAVIS and JOHNSON, JJ.

BOYD, Chief Justice.

In this appeal, appellant Johnny Robert Lopez challenges his sentence of two years confinement in the Floyd County Jail resulting from his conviction of driving while intoxicated. The sentence was originally probated but was revoked by the trial court. In one point, appellant contends the trial court lacked jurisdiction to extend the time his sentence was probated and later revoke the probation during the extended period. Disagreeing that the trial court erred, we affirm its judgment.

Appellant was originally convicted upon his guilty plea on February 2, 1995. At that time, his sentence was assessed by the trial court at two years confinement in the Floyd County Jail and a $500 fine plus court costs. The confinement portion of the sentence was probated for a period of two years. On January 9, 1997, during the original probationary period, an application to revoke probation was filed. However, that application was not heard until March 27, 1997, at which time, after appellant's plea of true, by order dated April 7, 1997, the trial court extended the probation period for one additional year. On April 10, 1997, another application to revoke probation was filed. By order signed on June 13, 1997, the trial court revoked appellant's probation and assessed his punishment at two years confinement in the Floyd County Jail.

In argument under his point, appellant contends that by virtue of Code of Criminal

Procedure art. 42.12 § 11(a), the trial court "must exercise its power to alter or modify the terms or conditions of community supervision during the original community supervision period or during a valid extended period of community supervision that was added during the original term of community supervision. Once the community supervision period expires then the trial court lacks jurisdiction to alter or modify appellant's community supervision." In support of his position, he cites and relies upon *Arrieta v. State*, 719 S.W.2d 393, 395 (Tex.App.—Fort Worth 1986, pet. ref'd), and *Howell v. State*, 754 S.W.2d 396, 397 (Tex.App.—Corpus Christi 1988, no pet.)

Section 11(a) in relevant part reads:

Sec. 11(a). The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions.

Tex.Code Crim.Proc.Ann. art. 42.12 § 11(a) (Vernon Supp.1999). Appellant correctly cites both the *Arrieta* and the *Howell* case and their holding. However, both those cases were decided before the extensive changes to article 42.12 which took effect on September 1, 1993, and which included art. 42.12 § 22(c). *See* Act effective September 1, 1993, 73rd Leg., R.S., ch. 900, § 4.01, art. 42.12, sec. 22(c) and § 4.05(a), 1993 Tex.Gen. Laws 3586, 3741 and 3743 (to be codified as an amendment to Tex.Code Crim.Proc.Ann. art. 42.12 § 22(c)). Effective on that date, and prior to the amendment effective September 1, 1997, which did not change the relevant portions of the statute, section 22(c) read:

The judge may extend a period of community supervision under this section as often as the judge determines is necessary, but in no case may the period of community supervision in a first, second, or third degree felony case exceed 10 years or the period of community supervision in a misdemeanor case exceed three years. A court may extend a period of community supervision under this section at any time during the period of supervision or, if a motion for revocation of community super-

vision is filed before the period of supervision ends, before the first anniversary of the date on which the period of supervision expires.

As our factual recitation shows, a motion was filed within the original probationary period and the case was heard before the first anniversary of the date upon which the original period of supervision expired. Thus, the trial court was entitled to extend the period of community supervision. The time by which community supervision was extended did not exceed the permissible statutory time. Thus, the extension being valid, it follows that the revocation occurred within the permitted time.

Because appellant does not otherwise challenge the revocation, his point must be, and is, overruled. The judgment of the trial court is affirmed.