ACCEPTED
01-14-01020-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/29/2015 8:31:20 AM
CHRISTOPHER PRINE
CLERK

## No. 01-14-01020-CR

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

──────◆──────

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/29/2015 8:31:20 AM

CHRISTOPHER A. PRINE
Clerk

**No. 991804**
In the 185th District
Of Harris County, Texas

──────◆──────

**SIMMIE JAMES COLSON III**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

──────◆──────

STATE'S APPELLATE BRIEF

──────◆──────

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**SARAH BRUCHMILLER**
Assistant District Attorney
Harris County, Texas

**KIMBERLY APERAUCH STELTER**
Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.755.5826
stelter_kimberly@dao.hctx.net
State Bar Number: 19141400

ORAL ARGUMENT REQUESTED NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

State believes that the matters raised by the appellant are well-settled, that the briefs in this case adequately apprise this Court of the issues and the law. Therefore, the State does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County

**Kimberly Aperauch Stelter** — Assistant District Attorney on appeal

**Sarah Bruchmiller** — Assistant District Attorney at trial

*Appellant or criminal defendant:*

**Simmie James Colson, III** — Defendant

*Counsel for Appellant:*

**Morris Overstreet, Winston Cochran, Jr.** — Counsel on appeal

**Morris Overstreet** — defense counsel at trial

*Trial Judge:*

**Honorable Susan Brown** — Judge Presiding

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................................................i

IDENTIFICATION OF THE PARTIES.............................................................................i

TABLE OF CONTENTS............................................................................................ ii

INDEX OF AUTHORITIES.......................................................................................iii

STATEMENT OF THE CASE..................................................................................... 1

STATEMENT OF FACTS.......................................................................................... 1

SUMMARY OF THE ARGUMENT .............................................................................. 2

REPLY TO APPELLANT'S SOLE ISSUE PRESENTED......................................................... 3

> **Appellant has failed to establish that the trial court misunderstood the range of punishment in this case. While the trial court judge had a range of sentencing options available, she correctly realized that she could not continue appellant on community supervision without an adjudication of guilt.**

PRAYER.................................................................................................................15

CERTIFICATE OF SERVICE......................................................................................16

CERTIFICATE OF COMPLIANCE ...............................................................................17

# INDEX OF AUTHORITIES

## CASES

*Arrieta v. State,*
719 S.W.2d 393 (Tex. App.—
Fort Worth 1986, pet. ref'd) ................................................................................ 9, 10

*Cordova v. State*,
2011 WL 3925765, at *3 (Tex. App. –
Amarillo 2011, pet. ref'd) (opin. not designated for publication) .......................... 12

*Ex parte Donaldson,*
86 S.W.3d 231 (Tex. Crim. App. 2002) ..................................................................... 13

*Ex parte Lewis*,
934 S.W.2d 801 (Tex. App. –
Houston [1 Dist.]1996, no pet.) ............................................................................... 9

*Ex parte Moss,* 446 S.W.3d 786, 788–90 (Tex. Crim. App. 2014) ................................. 12

*Garcia v. State,*
387 S .W.3d 20, 23-24 (Tex. Crim. App. 2012) ........................................................ 11

*Garrett v. State*,
377 S.W. 3d 697 (Tex. Crim. App. 2012). ................................................................ 9

*Howell v. State,*
754 S.W.2d 396 (Tex. App.—
Corpus Christi 1988, no pet.) .................................................................................. 9

*Hunter v. State*,
640 S.W.2d at 656 (Tex. App.—
El Paso 1982, no pet.) ............................................................................................. 10

*Nicklas v. State,*
530 S.W.2d 537 (Tex. Crim. App. 1975) .................................................................. 10

*Slaughter v. State,*
110 S.W.3d 500 (Tex. App. –
Waco 2003, pet. ref'd) ............................................................................................ 11

*Whitson v. State*,
429 S.W.3d 632 (Tex. Crim. App. 2014) .................................................................. 13

## STATUTES

TEX. CODE CRIM. PROC. art. 42.12 § 22(c) ........................................................................ 9

TEX. CODE CRIM. PROC. art. 42.12 § 5(a)..........................................................9

TEX. CODE CRIM. PROC. art. 42.12, § 5(h)........................................................12

TEX. PENAL CODE § 12.35 ..............................................................................13

## RULES

TEX. R. APP. P. 38.2(a)(1)(A)............................................................................i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged by indictment with theft by check (CR-5).[1] He pled guilty and pursuant to a plea bargain agreement, adjudication of his guilt was deferred and he was placed on community supervision for a period of two years (CR-12). The State subsequently filed a motion to adjudicate guilt (CR-31-32). Appellant stipulated true to the allegations in the motion to adjudicate guilt (CR-41). The court found the allegations to be true, found appellant guilty of theft by check and assessed punishment at seven months in the State Jail division of the Texas Department of Criminal Justice (CR-41).

———————◆———————

## STATEMENT OF FACTS

The record does not contain any details as to how appellant committed the offense of theft by check. The only record is the hearing on the State's motion to adjudicate guilt. While seven witnesses testified at this hearing, their testimony is not relevant to disposition of this case. Instead, appellant

---

[1] "CR" refers to the clerk's record and the number following the dash is the page number. "RR" refers to the sole volume of the court reporter's record, and the number following the dash is the page within that volume.

bases his point of error on comments made by defense counsel and the court during the hearing. These comments are best discussed in the response to appellant's sole point of error.

———————◆———————

## SUMMARY OF THE ARGUMENT

Appellant's contention that the trial court judge did not understand the sentencing alternatives available to her is not supported by the record. The judge correctly understood that she could not defer an adjudication of guilt and extend appellant's community supervision, as that term of community supervision had already expired. The trial court only had jurisdiction to rule on the State's motion to adjudicate guilt and sentence appellant subsequent to a finding of guilt.

———————◆———————

## REPLY TO APPELLANT'S SOLE ISSUE PRESENTED

**Appellant has failed to establish that the trial court misunderstood the range of punishment in this case. While the trial court judge had a range of sentencing options available, she correctly realized that she could not continue appellant on community supervision without an adjudication of guilt.**

Appellant claims that the trial court did not consider all the alternative dispositions of appellant's case. Specifically, it is appellant's contention that the trial court judge "did not believe that she had any discretion to take any action other than sentencing [appellant] to at least 180 days of confinement in a state jail." (appellant's brief, p. 17). Appellant asserts that the trial court had other options for sentencing appellant, and lists several in his brief.

The State agrees that the trial court had options for sentencing appellant, although appellant is incorrect as to what those options were. Instead, it appears that the trial court judge understood the law in this area, and merely indicated that she did not have discretion to do what appellate counsel suggests she could have done – continue appellant on community supervision without an adjudication of guilt.

**A.  The pre-hearing procedural history of this case.**

The timeline in this case is important in understanding this limitation on the trial court's sentencing choices. Appellant was charged with and pled guilty to the offense of theft by check on October 5, 2004 (RR-11). The court, pursuant to a plea bargain agreement, deferred adjudication of guilt and sentenced appellant to two years of community supervision, subject to several conditions and terms (CR-12-14).

On June 20, 2006, within the two year period of community supervision, the State filed a motion to adjudicate guilt, alleging that appellant had violated several terms and conditions of his community supervision, including failure to report to his Community Supervision Officer, failure to present written verification of employment, failure to participate in a community service program, and failure to pay fees, fines, and restitution (CR-31-32). A capias was issued at the same time (CR-33). Appellant was arrested on that capias on October 21, 2014 (CR-33).

**B.  Appellant's hearing on the State's motion to adjudicate guilt**

The trial court held a hearing on the State's motion to adjudicate guilt on December 11, 2014 (CR-38). Appellant stipulated that he had previously pleaded guilty to the offense, that the allegations in the motion to adjudicate were true, and that the prosecutor would recommend that he be adjudicated

4

guilty (CR-38). He also stipulated that there was no agreed recommendation for punishment, and that he reserved the right to appeal (CR-38).

Defense counsel put on seven witnesses at the motion to adjudicate hearing, including appellant (RR-3). Some of these witnesses testified to appellant's difficulties at the time of his original plea in an attempt to explain why he did not complete the terms of his community supervision (CR-21, 33). Others testified to the good appellant had done in the community since, and how his having to serve time in jail would adversely affect those in his family (CR-14, 23).

Defense counsel asked several of these witnesses why they thought the court should not adjudicate appellant guilty. For example, defense counsel asked appellant's daughter "why you would ask the judge not to adjudicate your father and send him to jail for 180 days?" (RR-8). Appellant's daughter then gave an emotional plea asking that appellant not be adjudicated guilty because of the personal impact it would have on her family (RR-8).

Defense counsel also asked the second witness, Ms. Jones, to tell the court why she should "do something other" than adjudicate appellant guilty (RR-14). It is here that the judge interjected that she did not have "discretion in the matter, based on the situation and the law." (RR-14). The context of that statement is provided here:

Q. (BY MR. OVERSTREET) (defense counsel): I explained to you what Mr. Colson is facing if the judge adjudicates him guilty, a minimum of 180 days. What would you say to the judge as to why she should exercise her discretion and do something other than adjudicate him guilty and sentence him to –

THE COURT: Please don't have these folks think that I have any discretion at all in this matter.

MR. OVERSTREET: Okay.

THE COURT: So, I don't want them to leave here today believing the court has some discretion in the matter, based on the situation and the law.

MR. OVERSTREET: Okay.
Q. (BY MR. OVERSTREET): Okay. Why would you ask the Court not to send him to jail for 180 days?
....
(RR-14).

Finally, defense counsel called appellant himself as a witness, and asked him twice about why the judge should be lenient with him:

Q. Okay, Why shouldn't the judge just adjudicate you guilty and just send you to jail for two years?

...............

Q: And last question: Why shouldn't the judge just send you to jail?

(RR-48, 51). Appellant's responses were that he had turned his life around and was helping people, including his elderly mother and "this kid that I'm paying child support for." (RR-48, 51).

6

At the conclusion of the hearing, the trial court asked for closing argument (RR-58). Defense counsel maintained that all the witnesses who had come forward to testify on appellant's behalf "provide a reason why the Court can do something other than adjudicate him guilty. And because if he's adjudicated guilty, of course, the minimum, 180 days, kicks in." (RR-58). Defense counsel then noted that he had done some research during the lunch hour and had discovered *Garrett v. State* [2] which held that trial courts could extend deferred adjudication community supervision to a maximum of 10 years, the same as other felony offenses (RR-59).

The judge responded that she was well aware of *Garrett*, but that *Garrett* did not apply when a defendant's period of probation had already terminated. (RR-59) Defense counsel then reiterated that he was asking the trial court to exercise her discretion and "not make a decision today to adjudicate Mr. Colson guilty, [and] maybe give us a little bit more time to research to see if the probation can be extended" (RR-61).

Next the court heard argument from the State, which urged the court to sentence appellant "somewhere in the range of 1 year to 18 months." (RR-62). At the conclusion of argument the court found the allegations in the motion to

---

[2] *Garrett v. State,* 377 S.W. 3d 697 (Tex. Crim. App. 2012).

adjudicate to be true, found appellant guilty, and assessed his punishment at seven months in the State Jail division of the Texas Department of Criminal Justice (CR-41, RR-63).

## C. The trial court was correct in stating that it did not have discretion to extend community supervision without an adjudication of guilt.

Appellant claims the trial court judge was under an erroneous legal assumption as to available sentencing alternatives, and thought she did not have any other option but to sentence appellant to at least 180 days confinement in the state jail (Appellant's brief, p. 17). The court, however, never said that 180 days was the minimum sentence it could give or that it did not have other options. Instead, the court indicated that it did not have the discretion to defer adjudication and extend appellant's term of deferred adjudication community supervision, as suggested by defense counsel during the hearing, because the original term of community supervision had already expired (RR-59). This is a correct statement of the law.

Appellant was originally placed on community supervision pursuant to article 42.12, section 5 of the Texas Code of Criminal Procedure, which allows a court to defer a finding of guilt and place a defendant on community supervision. TEX. CODE CRIM. PROC. art. 42.12 § 5(a). When the original term of community supervision is less than 10 years, it may be extended as often as

8

the judge determines is necessary, up to a period of 10 years. TEX. CODE CRIM. PROC. art. 42.12 § 22(c),[3] *Garrett v. State*, 377 S.W. 3d 697 (Tex. Crim. App. 2012)

There are limits, however, on when this extension may occur. Article 42.12, § 22 (c) allows the court to extend a period of community supervision:

> at any time during the period of supervision or, if a motion for revocation of community supervision is filed before the period of supervision ends, before the first anniversary of the date on which the period of supervision expires.

TEX. CODE CRIM. PROC. art. 42.12 § 22(c). The courts have repeatedly found invalid attempts to extend or modify community supervision after this period has expired. *See Ex parte Lewis*, 934 S.W.2d 801, 802-03 (Tex. App. –Houston [1 Dist.]1996, no pet.) ("The trial court must exercise its power to alter or modify the terms or conditions of probation during the initial probation period or any additional probation time added during the initial period."); *Arrieta v. State,* 719 S.W.2d 393, 395 (Tex. App.—Fort Worth 1986, pet. ref'd) ("[art. 42.12] does not grant the trial court the power to amend or modify probation once the probation period has expired." ); *Howell v. State,* 754 S.W.2d 396, 397 (Tex. App.—Corpus Christi 1988, no pet.) ("The State's first

---

[3] Tex. Code Crim. Proc. art. 42.12 § 5(a) provides that the extension of deferred adjudication community supervision is regulated by art. 42.12 § 22.

9

timely-filed Motion for Adjudication of Guilt could not function as a means of expanding the court's jurisdiction to alter or extend appellant's probation after the original probationary term had expired") [4]

Appellant ignores the plan language of art. 42.12 § 22(c) and accompanying case law, and argues that the filing of a motion to adjudicate guilt tolls the running of the community supervision period. Thus, appellant contends, the trial court had the option to "simply do nothing and continue [appellant] on deferred adjudication supervision." (appellant's brief, p. 21). The Court of Criminal Appeals long ago rejected this very argument. *See Nicklas v. State,* 530 S.W.2d 537 (Tex. Crim. App. 1975) (finding probationary period not tolled by filing of motion to revoke); *See also, Hunter v. State*, 640 S.W.2d at 656, 659 (Tex. App.—El Paso 1982, no pet.) ("A motion to revoke and capias do not toll the running of the probationary period."); *Arrieta v. State,* 719 S.W.2d at 395 (same). In short, defense counsel's suggestions to continue community supervision without an adjudication of guilt or delay the hearing to give appellant time to see if "he's complied and done good things"

---

[4] *Ex. Parte Lewis*, *Arrieta, and Howell* were decided under earlier versions of TEX. CODE CRIM. PROC. art. 42.12, but language requiring that the extension of community supervision be made during the term of the community supervision has remained the same.

were not options, as community supervision was over, and there was nothing to comply with.

Appellant is also mistaken in attaching any significance to the fact that ten years had passed since appellant had originally been sentenced to two years of community supervision. Appellant seems to believe that this time period limited the court's sentencing options, as "the judge was up against a ten-year maximum limit on the total duration of community supervision." (appellant's brief, p. 17). This is incorrect for two reasons. First, appellant's period of community supervision had expired after two years, and the additional amount of time which had passed from that date until the date of the hearing was not relevant to any calculation of punishment.[5] Second, any amount of community supervision which is assessed prior to an adjudication of guilt does not count against the period of community supervision which can be assessed once a court adjudicates a defendant's guilt. *See Slaughter v. State,* 110 S.W.3d 500, 502–03 (Tex. App. –Waco 2003, pet. ref'd)(holding that in

[5] Under earlier versions of art. 42.12, this time period would have been relevant in determining whether the State used due diligence in executing the capias, but this due diligence requirement has been eliminated for most violations of community supervision. *See Garcia v. State,* 387 S .W.3d 20, 23-24 (Tex. Crim. App. 2012) ("[B]y its 2003 amendments to Article 42.12, the Legislature eliminated the common-law due-diligence defense and replaced it with the limited affirmative defense provided in the due-diligence statute…. [As a result, the due-diligence defense now] "applies to only two revocation allegations: failure to report to an officer as directed, and failure to remain within a specified place.").

11

calculating maximum amount of time to be served on "regular" community supervision, any period of deferred adjudication community supervision is not counted); *Cordova v. State*, 2011 WL 3925765, at *3 (Tex. App. –Amarillo 2011, pet. ref'd) (opin. not designated for publication) (holding periods of supervision under regular community supervision and deferred adjudication supervision are not aggregated in determining the total period of supervision allowable under the terms of art. 42.12). In other words, a court can sentence a defendant to ten years "deferred adjudication" community supervision, adjudicate the defendant guilty on the last day of that community supervision, and place the defendant on a new ten year term of "regular" community supervision. Fortunately, the trial court judge never gave any indication that she felt this passage of time was significant or that she was up against any limit other than her inability to further defer a finding of guilt.

### D. The trial court did have jurisdiction to proceed with an adjudication of guilt even though community supervision had expired, as the motion to adjudicate guilt and capias were issued prior to expiration of community supervision.

While the trial court could not have extended appellant's deferred adjudication community supervision due to expiration of the community supervision period, it did have jurisdiction over this case. A trial court has continuing jurisdiction to hold a hearing and proceed with an adjudication of

12

guilt if a motion to adjudicate and a capias are issued prior to the expiration of the period of community supervision. TEX. CODE CRIM. PROC. art. 42.12, § 5(h). This limited grant of continuing jurisdiction is the exclusive authority with which a court is vested over a defendant once the deferred adjudication community supervision period has expired. *See Ex parte Donaldson,* 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) ("We have long held that a trial court has jurisdiction to hear a motion to revoke [community supervision after the period expires] as long as the motion was filed, and a warrant or capias properly issued, during the probationary period."); *Whitson v. State*, 429 S.W.3d 632, 636 (Tex. Crim. App. 2014) (same); *Ex parte Moss,* 446 S.W.3d 786, 788–90 (Tex. Crim. App. 2014) (Finding lack of jurisdiction when capias not filed before expiration of community supervision period).

So what could the trial court do? Proceed with an adjudication of guilt. Once appellant was found guilty, the court had several options, from sentencing appellant within the range of punishment for a state jail felony (TEX. PENAL CODE § 12.35) to suspending sentence and assessing a new term of community supervision under art. 42.12 § 3 of up to ten years. These options were only available, however, once appellant had been adjudicated guilty.

13

**E.  Conclusion**

In short, the record reflects that the trial court understood both the limits of its jurisdiction and the options available (and not available) for sentencing.  The court's comments about any lack of "discretion" referred to its inability to further defer an adjudication of guilt and extend appellant's original community supervision. In this regard the court was correct, and appellant's contention that it could have done so is wrong.

Appellant's sole point of error is without merit, and should be overruled.

## **PRAYER**

The State respectfully requests that this Court affirm the judgment of the trial court.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/Kimberly Aperauch Stelter
**KIMBERLY STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar Number: 19141400
Stelter_kimberly@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument is being served

by EFileTXCourts.Gov e-filer to the following email address

Winston E. Cochran, Jr.
Attorney at Law
P.O. Box 2945
League City, TX 77574
winstoncochran@comcast.net

/s/Kimberly Aperauch Stelter
**KIMBERLY STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar Number: 19141400
stelter_kimberly@dao.hctx.net

16

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned attorney certifies that this computer-generated document has a word count of **3,600** words, based upon the representation provided by the word processing program that was used to create the document.

/s/Kimberly Aperauch Stelter
**KIMBERLY STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
TBC No. 19141400
stelter_kimberly@dao.hctx.net
