

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00118-CR

———————————————

ALEXANDER PAUL SCHAEFER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1511486

---

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Alexander Paul Schaefer appeals from the trial court's judgment revoking his probation,[1] adjudicating him guilty of indecency with a child by contact, and sentencing him to four years in prison. In one issue, he contends that the trial court erred by finding that the court-ordered delays caused by COVID-19 deprived it of the ability to extend his probation pursuant to Texas Code of Criminal Procedure Article 42A.753(c)(2), and therefore, his judgment should be vacated and remanded to the trial court for a new punishment hearing. Because we disagree, we will affirm.

### II. BACKGROUND

In 2016, when Schaefer was a juvenile, he was found to have engaged in delinquent conduct—indecency with a child—and was sentenced to five years' confinement and placed on probation for three years. *See* Tex. Fam. Code Ann. §§ 53.045, 54.04(q). On his nineteenth birthday, Schaefer's probation supervision was transferred to a district court. *See id.* § 54.051(d).

In February 2018, the State filed a petition to revoke Schaefer's probation for multiple violations, including accessing sexually explicit material and going into child safety zones. The State later filed amended petitions to revoke his probation, adding

---

[1]We use the terms "probation" and "community supervision" interchangeably in this opinion. *See McCain v. State*, 582 S.W.3d 332, 336 n.2 (Tex. App.—Fort Worth 2018, no pet.) ("The terms 'community supervision' and 'probation' are synonymous.").

2

additional allegations each time, ultimately alleging twenty-one violations, including failing to attend sex offender counseling, having contact with a female minor child without an approved chaperon present, failing to submit to a polygraph, and consuming alcohol on multiple occasions.

A hearing was set for April 15, 2020, but a joint motion for continuance was filed. It alleged that three defense witnesses were in a "high-risk" category for contracting COVID-19, and therefore, the sentencing hearing should be moved to a time when the "witnesses [could] be called without risk to their health and safety." According to Schaefer's attorney, the hearing was reset twice because "once we had health issues and the other time, they had health issues."[2]

The hearing was finally held on July 3, 2021. At that hearing, the trial court stated that prior to the hearing, on January 31, 2020, Schaefer had pleaded guilty to possession of child pornography and had pleaded true to paragraphs one through twenty-one of the petition to revoke probation. The trial court admitted exhibits containing child pornography, the presentence investigation report, and the supplemental presentence investigation report, and it took judicial notice of the

---

[2]The trial court also noted that "we have been set several times in these cases and have not been able to finish these - - the sentencings on these due to COVID-related matters and the emergency orders that were promulgated by the Texas Supreme Court and Office of Court Administration."

court's file regarding two child pornography cases.[3] Schaefer called three witnesses—two licensed sex offender treatment providers and his mother. Both treatment providers stated that Schaefer's probation should be continued.

At the conclusion of the testimony by all witnesses, the trial court said that it would "hold the State's Fifth Amended Petition to Revoke Probated Sentence in abeyance" and would hold the sentencing in the child pornography case "in abeyance." This was done to allow briefing on "the timeline issue" regarding Article 42A.753(c)(2), which sets out when a trial court may extend community supervision.

At the end of the continued hearing on August 9, 2021, the trial court stated:

I'm going to make the following findings of fact and conclusions of law.

I will find the defendant was placed on community supervision as of the order date signed by Judge Alex Kim 8/24/16. I'm going to find that three years from that date is 8/24/2019, the date he would have expired.

I'll find that State timely filed a petition on 2/13/2018. One year from the date of expiration is 8/24/2020. Therefore, I will specifically find that Texas Code of Criminal Procedure 42A.753(c) prohibits the Court from extending the period of community supervision.

42A.757 also states, "At any time during the period of community supervision, the judge may extend the period of community supervision as provided by this article."

I'll specifically find that the defendant is not in the period of community supervision under 42A.75 - - 757.

---

[3]Both the State and Schaefer note that Schaefer did not appeal the conviction for possession of child pornography.

> There is nothing before this Court that says any orders, or any COVID orders from the Texas Supreme Court suspends application of 42A.752(c) - - excuse me 42A.753(c).

After making these findings, the trial court found paragraphs one through twenty-one true and sentenced Schaefer to four years' confinement. The trial court then added, "It is implicit in my findings, but it is the Court's ruling that under 42A.753(c), this Court does not have the authority to extend [Schaefer's] probation." The trial court then rendered judgment revoking Schaefer's community supervision, adjudicating him guilty of indecency with a child by contact, and sentencing him to four years' imprisonment. The trial court certified Schaefer's right to appeal, and he appealed from this judgment.

## III. DISCUSSION

In one issue, Schaefer contends that "[t]he trial court erred in finding that court-ordered delays caused by COVID-19 now inhibited it from extending Appellant's probation" under Article 42A.753(c)(2). Relying on the Supreme Court Emergency Orders Regarding the COVID-19 State of Disaster, Schaefer argues that these orders "specifically provided that a criminal court is permitted and in certain cases required to 'modify or suspend any and all deadlines and procedures,' including those 'prescribed by statute.'" *See, e.g.*, *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020). The State responds that a trial court's authority to extend probation pursuant to Article 42A.753 has certain limitations, among them the time limits imposed by Article 42A.753(c)(2), and "[t]hose time limits

5

are not mere deadlines or procedures that may be modified or extended pursuant to the Emergency Orders"; rather, they are jurisdictional. Therefore, the State maintains that the trial court correctly concluded that it had no authority to extend probation. We agree with the State.

## A. Standard of Review

While we generally review an order revoking probation under an abuse of discretion standard, *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006), we review questions of law de novo. *Long v. State*, 535 S.W.3d 511, 519 (Tex. Crim. App. 2017). Thus, to the extent an issue involves statutory interpretation or the legal effect of a court order, we apply a de novo standard of review. *See Pruett v. State*, 510 S.W.3d 925, 927 (Tex. Crim. App. 2017) (stating that statutory interpretation question is a question of law that is reviewed de novo); *see also Kim v. Ramos*, 632 S.W.3d 258, 265 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (applying de novo standard of review to Supreme Court Emergency Orders Regarding the COVID-19 State of Disaster).

## B. Jurisdiction in a Probation Revocation Proceeding

A probation revocation proceeding is considered an extension of the original sentencing portion of the defendant's trial, and therefore, it is subject to the continuing jurisdiction of the trial court. *Cobb v. State*, 851 S.W.2d 871, 873–74 (Tex. Crim. App. 1993). The trial court maintains jurisdiction to hear a motion to adjudicate guilt as long as the motion is filed with the court and a capias is issued

6

before the end of the defendant's probationary period. *Porras v. State*, 629 S.W.3d 288, 290 (Tex. App.—Dallas 2020, pet. ref'd).

A judge may extend the maximum period of deferred adjudication community supervision in a manner provided by Articles 42A.753 and 42A.757[4] of the Texas Code of Criminal Procedure. *Id.*; *see* Tex. Code Crim. Proc. Ann. arts. 42A.103(c), 42A.753, 42A.757. Texas Code of Criminal Procedure Article 42A.753(c) provides,

> (c)  A court may extend a period of community supervision under Article 42A.752(a)(2):
>
> (1)  at any time during the supervision period; or
>
> (2)  before the first anniversary of the date the supervision period ends, if a motion for revocation of community supervision is filed before the date the supervision period ends.

Tex. Code Crim. Proc. Ann. art. 42A.753(c). The extension of a period of community supervision may not exceed ten years for a first, second, or third degree felony case. *Id.* art. 42A.753(a).

## C. COVID-Related Orders and Cases

Under Texas Government Code Section 22.0035(b), the Texas Supreme Court, "[n]otwithstanding any other statute . . . may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor." Tex. Gov't Code Ann. § 22.0035(b). In its "First Emergency Order Regarding the COVID-19 State of Disaster," the supreme court

---

[4]Schaefer makes no argument about this article.

noted that the governor had declared a state of disaster in all 254 counties in the State of Texas "in response to the imminent threat of the COVID-19 pandemic." 596 S.W.3d at 265; *see* The Governor of the State of Tex., Proclamation No. 41-3720, 45 Tex. Reg. 2094, 2094–95 (2020). The supreme court's order provided in part,

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> a. Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted[.]

*First Emergency Order*, 596 S.W.3d at 265.

At the time of the trial court's hearing and ruling, the applicable orders were the Thirty-Eighth and Fortieth Emergency Orders. *See Thirty-Eighth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 900 (Tex. 2021) (order); *Fortieth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 911 (Tex. 2021) (order). Both of those orders contained similar language allowing a court to "modify or suspend any and all deadlines and procedures." *Thirty-Eighth Emergency Order*, 629 S.W.3d at 900; *Fortieth Emergency Order*, 629 S.W.3d at 912.

The Texas Court of Criminal Appeals examined this "modify or suspend" provision of the emergency orders in *State ex rel. Ogg*, 618 S.W.3d 361 (Tex. Crim. App. 2021), wherein a trial court had concluded that it had the power under the emergency orders to conduct a bench trial despite the State's refusal to consent. *Id.* at

362. The court noted that the language in the emergency order "does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent or that a judge could create authority to preside over proceedings over which the judge would otherwise be barred from presiding." *Id.* at 364. Rather, "[i]f the Supreme Court's Emergency Order were really intended to permit trial courts to enlarge their own jurisdiction and to permit trial judges to enlarge the types of proceedings over which they have authority, we would expect a provision to explicitly say so." *Id.* at 365. Therefore, the court concluded that the emergency order did not confer upon the trial court the authority to conduct a bench trial without the State's consent. *Id.* at 366.

In *State v. Temple*, the Fourteenth Court of Appeals examined the emergency orders as they applied to Texas Code of Criminal Procedure Article 42A.202, which limits a trial court's jurisdiction to suspend execution of a sentence the defendant has begun serving to an expiration date 180 days after execution of when the sentence actually begins. 622 S.W.3d 592 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). The court noted that the "180-day limit on a trial court's jurisdiction to grant shock probation is just that—a jurisdictional limit—and it is strictly enforced." *Id.* at 594. Looking specifically at the "modify or suspend" language of the emergency orders, the court stated, "Jurisdiction, however, concerns a trial court's power to make legally binding decisions and is not merely a 'procedural' concept." *Id.* at 595. In addition, the court examined *Ogg* and its "limitations" of the emergency order as set out by the

9

court of criminal appeals. *Id.* The court concluded that the emergency order "does not by its terms extend a trial judge's authority to order shock probation beyond 180 days after a defendant begins serving a felony sentence." *Id.*; *see State v. Bronson*, 627 S.W.3d 520, 521–22 (Tex. App.—Texarkana 2021, no pet.) (same); *see also Estrada v. State*, 647 S.W.3d 923, 925 (Tex. App.—Fort Worth 2022, pet. ref'd) (mem. op.) (holding that trial court did not abuse its discretion in extending the 180-day deadline to try defendant pursuant to the Interstate Agreement on Detainers Act because defendant "waived his complaint by failing to object to the trial date, that the period was extended because the final day of the 180-day period fell on a Sunday, and that the trial court was empowered to sua sponte grant a one-day extension").

Similarly, the First Court of Appeals looked at the emergency orders and *Ogg* in deciding whether a trial court could extend the seventy-five-day deadline to rule on a motion for new trial under Texas Rule of Appellate Procedure 21.8(a). *State v. Rodriguez*, Nos. 01-20-00848-CR, 01-20-00849-CR, 2022 WL 2976296, at *2 (Tex. App.—Houston [1st Dist.] July 28, 2022, pet. ref'd) (mem. op., not designated for publication). Holding that the seventy-five-day deadline is not procedural but rather jurisdictional in nature, the court concluded that the trial court lacked subject-matter jurisdiction to enter orders granting new trials, and therefore, the orders were void. *Id.* at *7; *see Garley v. State*, Nos. 13-20-00336-CR, 13-20-00337-CR, 2022 WL 2348055, at *5 (Tex. App.—Corpus Christi–Edinburg, June 30, 2022, pet. ref'd) (mem. op., not designated for publication) ("The deadline to rule on a motion for new trial is not

procedural in nature—it is jurisdictional and, after it expires, the trial court loses authority to act in the case.").

## D. Application of Law to Facts

Here, it is undisputed that the revocation hearing was conducted more than a calendar year after the community supervision would have otherwise ended. Schaefer's argument is that the trial court could have extended his probation "before the first anniversary of the date the supervision period ends" under the COVID-19 emergency orders. *See* Tex. Code Crim. Proc. Ann. art. 42A.753(c)(2). According to Schaefer, this is especially true because he "entered pleas of true before the onset of Covid 19, in January 2020, and well before the first anniversary would have come to pass in August 2020." Additionally, Schaefer argues that *Ogg* is inapposite and actually supports his position because the "timing of the probation extension was procedural and not substantive."

But Schaefer's argument ignores the fact that a probation revocation hearing is an extension of the original sentencing portion of the defendant's trial and is subject to the continuing jurisdiction of the trial court. *Cobb*, 851 S.W.2d at 874.[5] The trial

---

[5]Relying on *Cobb*, the State says that a "probation revocation proceeding is an administrative hearing rather than a civil or criminal trial." *See Cobb*, 851 S.W.2d at 873. However, *Cobb*'s pronouncement has since been rejected by the Texas Court of Criminal Appeals in *Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012). There, the court of criminal appeals stated, "Community-supervision revocation proceedings are not administrative hearings; they are judicial proceedings, to be governed by the rules established to govern judicial proceedings." *Doan*, 369 S.W.3d at 212.

11

court only retains jurisdiction to hear a motion to adjudicate guilt if, before the expiration of the defendant's probationary period, a motion is filed with the court and a capias is issued for the defendant's arrest. Tex. Code Crim. Proc. Ann. art. 42A.751; *Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) ("We have long held that a trial court has jurisdiction to hear a motion to revoke . . . as long as the motion was filed, and a warrant or capias properly issues, during the probationary period.").

While the trial court retained jurisdiction to adjudicate Schaefer's guilt, the court had no authority to extend or modify the original term of deferred adjudication community supervision because it had expired. *See Colson v. State*, No. 01-14-01020-CR, 2015 WL 7455770, at *3 (Tex. App.—Houston [1st Dist.] Nov. 24, 2015, pet. ref'd) (mem. op., not designated for publication) ("Colson's original two-year term of deferred-adjudication community supervision continued to run after the State filed the motion to adjudicate, and the authority of the trial court to continue or modify Colson's supervision expired at the end of that two-year term."); *see also Nicklas v. State*, 530 S.W.2d 537, 541 (Tex. Crim. App. 1975) (rejecting State's argument that filing of a motion to revoke probation and issuance of warrant tolls running of probationary period); *Paredes v. State*, No. 13-20-00272-CR, 2022 WL 1250845, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2022, no pet.) (mem. op., not designated for publication) (holding "that the tolling deadlines in the supreme court emergency orders pertaining to the Covid-19 pandemic do not extend the time to file the notice of appeal in a criminal case"); *Arrieta v. State*, 719 S.W.2d 393, 395 (Tex.

App.—Fort Worth 1986, pet. ref'd) (holding that trial court cannot amend or modify probation once probation period expires because "the court has only the power granted to it by the code in dealing with probation").

Similarly, the deadline in Article 42A.753(c) of "the first anniversary of the date the supervision period ends" is a jurisdictional limit on the trial court's authority to extend a period of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.753(c); *see also Arrieta*, 719 S.W.2d at 395. Therefore, it is not "merely a 'procedural' concept." *See Temple*, 622 S.W.3d at 595; *see also Rodriguez*, 2022 WL 2976296, at *7. Accordingly, because the trial court could not have extended Schaefer's probation pursuant to Article 42A.753(c)(2), Schaefer's sole issue is overruled.

## IV. Conclusion

Having overruled Schaefer's sole issue, the judgment of the trial court is affirmed.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 23, 2022

13